CASE 12—PETITIONS EQUITY—JANUARY 18.

## Yankey, &c., v. Sweeney, &c.

## Montgomery v. Turney's Adm'r.

## Sweeney v. Montgomery, &c.

## Montgomery, &c., v. Sweeney.

APPEALS FROM WASHINGTON CIRCUIT COURT.

1. A JUDGMENT DISMISSING AN ACTION WILL NOT BAR ANOTHER SUIT founded on the same cause of action if the first suit was dismissed because the court had not jurisdiction to hear it upon its merits.

The dismissal of an action to set aside a fraudulent conveyance does not bar another action for the same purpose, the first suit having been dismissed because the plaintiff had not obtained a return of "no property."

2. IN AN ACTION TO SET ASIDE A CONVEYANCE AS CONSTRUCTIVELY FRAUDULENT, the fact that the grantor had other property subject to execution sufficient to pay the plaintiff's debt, upon which the plaintiff refused to have his execution levied, in order that he might subject the property fraudulently conveyed, and thus deprive the grantee's husband of his marital rights, is not a valid defense, as a voluntary conveyance passes to the grantee no title whatever as against the existing liabilities of the grantor.

3. CURTESY.—While, as a general rule, the husband is required to take actual possession of the wife's land as a condition precedent to his right of curtesy therein, the reason of the rule is complied with, and the husband is entitled to curtesy, if any person at the death of the wife is seized of her land for her use.

A father conveyed land to his daughter, but held and possessed the land thereafter until her death, she and her husband living with him. *Held*—That the father's holding must be construed as for the use of the daughter, and her husband is entitled to curtesy.

4. SAME—CONVEYANCE IN CONSIDERATION OF SUPPORT.—A father conveyed land to his daughter in consideration of love and affection, and the additional consideration of the grantee undertaking to support the grantor and his wife during their natural lives, a lien being retained in the deed as a security for the support of the grantor and his wife. The grantee died, her husband and the grantor surviving. In this action by the husband against the grantor to recover the land, upon the ground that he is entitled to curtesy, it appears that the plaintiff and the defendant are unfriendly, and that this estrangement will probably continue. *Held*—That the defendant is entitled not only to the exclusive use and control of the land during his life, but is entitled also to have so much of the land itself as may be necessary for his reasonably comfortable support during life applied to that purpose.

W. E. SELECMAN FOR APPELLANTS IN YANKEY, &c., v. SWEENEY, &c.

1. A judgment dismissing the former action because the plaintiff had not obtained judgment and return of "no property" was not a judgment upon the merits, and did not bar another action.

2. The fact that the grantor had other property subject to execution to satisfy the plaintiff's demand is not a good defense.

3. To make a tender good it must be kept up. It is not sufficient to aver that a certain sum of money was tendered on a day stated. (Nantz v. Lober, 1 Duv.)

WM. E. & S. A. RUSSELL on same side.

1. Appellants were entitled to the relief sought.  (Vance v. Campbell, &c., 3 Ky. Law Rep., 343.)

2. The dismissal of the former action was for want of jurisdiction, and is not therefore a bar to this action.  Moreover, the right to maintain this action has been acquired, by return of "no property," since the dismissal of the former action, and for that reason the dismissal of the former action is no bar.  (Owens v. Rawleigh, 6 Bush, 658.)

3. The officer's return of "no property" was all that was necessary to maintain the action, and the truthfulness of that return is a question that cannot be litigated with appellants

4. Voluntary conveyances are void as to pre-existing debts.  (Gen. Stats., p. 488, sec. 2.)

JOHN W. LEWIS for M. D. and Rosa Montgomery.

1. The judgment in the former action was upon the merits, and is, therefore, a bar to this action.  (Owens v. Rawleigh, 6 Bush, 656; Talbott v. Todd, 5 Dana, 191; Crabb v. Larkin, 9 Bush, 166; Thompson v. Clay, &c., 3 Mon., 359; Curts v. Trustees of Bardstown, 6 J. J. Mar., 538.)

2. The plaintiffs, having refused to accept the money tendered them in satisfaction of their debt, cannot maintain this action.

Upon this point counsel cites, in petition for rehearing, Yaeger v. Graves, 78 Ky., 281, and Mundy v. Means' Adm'r, 5 Ky. Law Rep., 697.

3. The seisin of the wife of M. D. Montgomery was sufficient to entitle the husband to courtesy.

4. In the case of Sweeney v. Montgomery, &c., the judgment is more favorable to the appellant than he is entitled to, as the income of the property is greatly more than sufficient to furnish him a comfortable support.

5. A creditor having a judgment and execution cannot refuse to levy his execution upon personal property of the debtor, which is pointed out to him, and then, after the debtor has disposed of such property, attack, as constructively fraudulent, a voluntary conveyance of land executed by the debtor.  (Gen. Stats., chap. 38, art. 13, sec. 1.)

6. The judgment directing the sale of the land is erroneous in that it does not pursue the statute in its directions as to the manner of advertising and making the sale.

7. The action by the creditors is prosecuted in the interest of the debtor to enable him to get rid of a deed which he would not be allowed to attack directly.  He will not be allowed to do indirectly what he could not do directly.

Counsel urges this point in petition for rehearing, and cites section 18 of Civil Code.

W. H. SWEENEY AND W. O. CUNNINGHAM FOR TURNEY'S ADM'R.

1. The conveyance to Mrs. Montgomery by her father was without consideration, and therefore void as to the debt of appellee, which existed prior to the execution of the conveyance. (Gen. Stats., chap. 44, art. 1, sec. 2.)

2. The return of "no property" is conclusive as to the creditor's right to attack a voluntary conveyance. The action cannot be defeated by showing that there was personal property which the creditor might have subjected.

3. The court has the right to direct how its decrees shall be enforced, especially as to sales of land.

JUDGE BENNETT DELIVERED THE OPINIONS OF THE COURT.

### Yankey, &c., v. Sweeney, &c

The appellants are husband and wife. The appellee William Sweeney, on the 14th day of February, 1874, was appointed and qualified as guardian of the appellant Sallie Yankey, then Sallie Peter, by the Washington County Court. The appellants instituted suit in the Washington Circuit Court against the appellee William Sweeney, and his surety, on his guardian's bond, by which they sought to recover the amount shown to be due the appellant Sallie, by the appellee's final settlement as her guardian with the Washington County Court, and at the March term, 1881, of the Washington Circuit Court, they recovered judgment against the appellee as such guardian on his settlement, and his surety, for the sum of nine hundred and twenty dollars and forty-four cents, with interest thereon at the rate of six per cent. per annum, from the 16th day of February, 1880, until paid, and twenty-four dollars and fifty-five cents costs. Execution was issued on this judgment and placed in the hands of the sheriff of Washington county on the 3d day of August, 1881, which was on the 11th of August, 1881, returned by

the sheriff, and indorsed by him, "no property found to make this *fi. fa.*, or any part thereof." On the 25th day of January, 1878, the appellee William Sweeney, by deed, conveyed to his daughter, Lucy D. Montgomery, wife of the appellee M. D. Montgomery, a tract of land lying and being in Washington county, containing sixty-four acres. The consideration for the conveyance is expressed in the deed as one dollar, not paid, and natural love and affection.

The appellee William Sweeney owned this land at the time he was appointed and qualified as the guardian of the appellant Sallie. The appellants, on the 12th day of August, 1881, instituted this action in equity, in the Washington Circuit Court, against the appellees, William Sweeney and M. D. Montgomery, husband of Lucy D. Montgomery, she having died since the making of said deed, and Rosa D. Montgomery, an infant, and only child of M. D. and Lucy D. Montgomery, on said return of no property found, and sought to subject said tract of land to the payment of said judgment and costs upon the ground that the appellee William Sweeney, as guardian of the appellant Sallie Yankey, was liable to her in the full sum for which the appellants obtained judgment at the time he conveyed the land to his daughter, Lucy D. Montgomery; and that said conveyance was voluntary, fraudulent and void, as against the claim of the appellants. The appellee William Sweeney did not defend the action. The appellee M. D. Montgomery in right of himself and of his infant daughter Rosa, for whom he is guardian, defended the action upon several grounds. First, he relied on a former judgment rendered by the Washing-

ton Circuit Court against the appellants in an action
by them in said court against the appellees, by which
appellants sought to subject said land to the payment
of said debt upon substantially the same grounds re-
lied on in this action.   Second, that he, appellee, had
tendered payment of said debt, interest and costs, to
appellants, which they refused.   Third, that appellee
William Sweeney at the time the execution was in
the hands of the sheriff, and at the time of its return
and since then, was the owner of property in Wash-
ington county, subject to execution, ample to pay said
debt, interest and costs, which was known to the ap-
pellants, but they refused to have the same levied upon
and sold   Fourth, that the appellants and appellee
William Sweeney fraudulently combined for the pur-
pose of subjecting said land to the payment of said
judgment, for the purpose of depriving the appellee of
his right of curtesy therein, and his daughter Rosa of
her interest therein.   The lower court, on the trial of
the cause, dismissed appellants' petition.   They have
appealed to this court.

The deed of conveyance dated the 25th of January,
1878, by appellee William Sweeney to his daughter,
Lucy D. Montgomery, recites the consideration for the
conveyance to be "one dollar, and the further consid-
eration of the love and affection the party of the first
part bears to his daughter, the party of the second
part."   The conveyance is absolute.

That the appellee was liable as the guardian of the
appellant Sallie Yankey, for the amount reported in
his settlement, and for which appellants recovered
judgment, at the time of said conveyance, there is no

doubt. That there was no valuable consideration for the conveyance, and that it was purely voluntary, there is no doubt. The deed of conveyance so declares, and the proof in the case so establishes.

That this conveyance is void according to section 2 of article 1, chapter 44, of the General Statutes, as well as an unbroken line of decisions of this court, as to all of the appellee William Sweeney's then existing liabilities, there is no doubt. And that the claim of the appellant Sallie Yankey was then an existing liability against the appellee Sweeney, there is no doubt. And the tract of land should have been subjected to the payment of appellants' judgment, unless M. D. Montgomery's defenses, or some one of them, are sufficient, which we will now notice.

First, his plea in bar, by former adjudication, is not sufficient, because when the appellants brought their first suit to subject the tract of land in question to the satisfaction of their claim, upon the ground that the conveyance to Mrs. Montgomery was voluntary, and therefore void and fraudulent as to the liabilities then existing against Sweeney, the vendor, they had not caused an execution to be issued on their judgment against Sweeney, and a return thereof, by the proper officer, "no property found." The issual of an execution on their judgment, and return thereof no property found, was a condition precedent to their right to maintain an action to subject said land to the payment of their judgment. Therefore, their action was premature, and the court had no jurisdiction to hear and try the case upon its merits. And it is well settled, that in order for a judgment to bar another suit

founded on the same cause of action, the first suit must have been decided on its merits. But if the trial of the first suit went off because of any technical defect, or because the court had not jurisdiction to hear it upon its merits, then the judgment rendered will not bar a future action.

Tested by this rule, the appellants' former action, although seeking the same thing as sought in this action—the subjection of the land in question to the payment of said debt—was premature, because the condition precedent to the appellant's right to maintain the action had not accrued, and the court, therefore, had no jurisdiction to hear the case upon its merits, and, it is presumed, dismissed it for that reason. Therefore, the plea in bar cannot be sustained. Nor do the second and third pleas present a defense. The fact that appellee Sweeney might have had property, outside of that conveyed to Mrs. Montgomery, subject to execution, sufficient to pay said debt, and that the appellants, while the execution was in the sheriff's hands, knew it, and were advised to have it levied on by Montgomery, and failed or refused to do so, or that appellant John S. Yankey, and Sweeney, notwithstanding Sweeney had property outside of that conveyed to Mrs. Montgomery, subject to execution, sufficient to pay said debt, contrived to have the land in question subjected to the payment of said debt, in order to deprive Montgomery of his marital rights therein, cannot avail as a defense. Because, the conveyance to Mrs. Montgomery, being without any valuable consideration, was void as to the then existing liabilities of Sweeney. That is, the deed of conveyance passed to Mrs. Mont-

gomery no title whatever to the land as against the then existing liabilities of Sweeney.  As against those liabilities the land was the property of Sweeney, and subject to them as though no conveyance had been made, and might have been levied on and sold to satisfy them, notwithstanding the conveyance, and without reference to it.  The appellants could have the land levied on and sold to satisfy their execution, notwithstanding the conveyance, without resorting to their suit in equity to subject it to their judgment.  Suppose they had resorted to this course, and Montgomery had said, don't levy on and sell this land, as there is other property out of which the debt can be made; you will defraud me in my marital rights.  The reply that, as to that debt, the land was the property of Sweeney and subject to the execution, and that neither Montgomery nor his wife had any title to the land, or any equity in it, as against the debt, would be all sufficient.  As to that debt, Mrs. Montgomery was a mere volunteer, and had no right or equity in the land that could be violated by subjecting it to its payment.  For these reasons the appellants were entitled to a judgment for the sale of said land for the satisfaction of their judgment and interest and costs.

The judgment of the lower court as to this case is reversed, and the case remanded for further proceedings consistent with this opinion.

## Montgomery v. Turney's Adm'r.

The appellee having brought an action to subject the same land mentioned in the above opinion to the satisfaction of a judgment on a debt which existed prior

to said conveyance, and upon which judgment there
was an execution issued and returned no property
found; and the appellant having interposed substan-
tially the same pleas as in the case just disposed of,
and the lower court having rendered judgment subject-
ing said land to the satisfaction of said judgment,
upon the principles above announced the judgment is
affirmed.

*Sweeney v. Montgomery, &c.*

In this case, the appellee sought to obtain the pos-
session of the tract of land mentioned in the first
opinion herein from the appellant, upon the ground
that his wife, Mrs. Montgomery, having died and hav-
ing had a child born alive by him, and he having re-
duced said land to actual possession during the lifetime
of his wife, he was entitled to the possession thereof as
tenant by the curtesy during his life. The appellant
denied that the appellee had reduced said land to his
actual possession during the lifetime of his wife. The
lower court having found in favor of the appellee,
the appellant has appealed to this court. The facts
are, that after the appellant had conveyed the land to
Mrs. Montgomery, he continued to actually possess and
control said land; and that appellee and his wife, at
the time of said conveyance and during her life, lived
with the appellant as members of the family, and were
so living with the appellant at the time of the death of
Mrs. Montgomery. Also, that after the appellant con-
veyed the land to Mrs. Montgomery, he continued to
possess and control it from that time forward until her
death; yet, during that time, his possession of the land

was not hostile to the right of Mrs. Montgomery, but seemed to be in accordance with her right and title to it. So the question is, under these circumstances, has the appellee a life estate in the land?

Section 1 of article 4, chapter 52, of the General Statutes, provides, in substance, that where there is issue of the marriage born alive, the husband shall have an estate for his own life in all the real estate owned and possessed by his wife at the time of her death, or of which another may be then seized to her use. It is well settled, by repeated decisions of this court, that a husband is not entitled to curtesy in the real estate of his deceased wife, unless he has acquired the actual possession of such estate during her life. It is required of the husband to take actual possession of his wife's land as a condition precedent to his right of curtesy therein, for the purpose of strengthening her title to it, and to protect it from intrusion and hostile possession, which might, by its continuance, endanger her title. This being the reason for the rule, whenever its equivalent is complied with, then the rule is complied with. For instance, if the guardian of the wife holds the possession of her land at the time of her death, then the reason of the rule is complied with, and the husband is entitled to curtesy in the land. And, if a joint tenant with the wife holds the friendly possession of the land at the time of her death, here his possession is her possession, and the reason of the rule is complied with. So, if a trustee of the wife holds the possession of the land for the wife at the time of her death, here, also, the reason of the rule is complied with, and the husband is entitled to cur-

tesy. Indeed, if any person at the death of the wife is seized of her land for her use, the reason of the rule is complied with, and the husband is entitled to curtesy.

Now, the appellant, having conveyed the land in question to Mrs. Montgomery by an executed conveyance, and having held and possessed the land thereafter until her death, she and her husband living with him, not, however, in hostility to her right, but in accordance with it and friendly to it, such holding must be construed as for her use. Therefore, the reason of the rule in this case is complied with, and the appellee is entitled to curtesy in the land, subject, however, to the claims of appellants, Yankey and wife, and the appellee, the administrator of Turney. If the whole of said land is not exhausted by sale for the satisfaction of said two claims, then the appellee is entitled to curtesy in the remainder, and the judgment of the lower court is modified to that extent, and must be reversed.

## Montgomery, &c., v. Sweeney.

The appellant instituted this action against the appellee to recover the possession of two tracts of land, one of seven acres and the other of one hundred and forty-one acres, upon the ground that he was entitled to a life estate therein as tenant by the curtesy of his wife, Lucy Montgomery, she having had issue of their marriage born alive, and died possessed of said tracts of land.

The record shows that on the 25th of January, 1878, the appellee conveyed to Lucy Montgomery these two

tracts of land, by separate deeds. The consideration expressed in each deed was that of natural love and affection borne by the appellee for his daughter, Lucy Montgomery; and the additional consideration that Lucy was to support and care for appellee and his wife during their natural lives. A lien was retained in each deed on the land therein conveyed as a security or indemnity for the support of appellee and his wife.

It is clear, from the proof in the case, that Lucy Montgomery was possessed of these tracts of land in the same way that she held the possession of the tract of land considered in the case just disposed of; and the same rule announced in that case is applicable to this.

The lower court, in its judgment, allowed the appellee the use and control of these two tracts of land during his life for a support, and, subject to this life use and control, sustained appellant's right of curtesy in both of the tracts of land. From that judgment appellant appealed to this court.

The record shows that appellant and appellee were very unfriendly—each accusing the other of harsh treatment—and the probabilities are that this estrangement will continue; and the reasonable supposition is, that appellee would not provide for the appellant's support and comfort with that kind consideration that declining years demand.

We think, therefore, that the lower court did right in giving the appellee the exclusive use and control of the two tracts of land during his life. So far, the judgment was right. But it did not go far enough in this: the appellee, in case the use and profits of the

land should not be sufficient for his reasonably comfortable support during life, is entitled to have so much of the land itself as may be sufficient applied to that purpose. And the court, in its decree, should have reserved the right to appropriate so much of the land itself to the appellee's reasonable support and comfort, in case the reasonable use and profits of the two tracts should not, hereafter, be sufficient for that purpose. For this error alone the judgment is reversed, and the case remanded, with directions to enter judgment in accordance with this opinion.