CASE 112—PETITION EQUITY—SEPTEMBER 26.

## Ellis v. Dittey.

### APPEAL FROM KENTON CHANCERY COURT.

1. To ENTITLE THE HUSBAND TO CURTESY in the wife's land it is not necessary that she should in person have been in possession of the land at the time of her death; it is sufficient that another was in possession for her use

2. SAME—PLEADING.—The allegation by the husband in his answer that the wife died "owning and possessing" the land sued for is sufficient, if supported by proof, to sustain his claim to curtesy.

A. C ELLIS FOR APPELLANT.

Possession during coverture is necessary to support the claim of curtesy. (Adams v. Logan, 6 Mon., 179; Vanarsdale v. Fauntleroy's heirs, 7 B M., 402; Orr v. Holliday, 9 B. M., 60; Steinberger v. Wisdom, 13 B M., 469; Conner v. Downer, 4 Bush, 632; Powell v. Gosson, 18 B. M., 192; Neely v. Butler, 10 B. M., 50.)

SIMMONS & SIMMONS FOR APPELLEE.

Possession by another for the wife is sufficient to entitle the husband to curtesy. (Sweeney, &c., v. Montgomery, &c, 85 Ky., 64–66; Neely v. Butler, 10 B. M., 50; Carr, &c., v. Givens, &c., 9 Bush, 679.)

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The appellant, claiming to be the owner and in the possession of about ten acres of land in Kenton county, brought this action to quiet his title thereto against the appellee, who is alleged to be setting up some kind of claim to the property. The plaintiff's

title is derived by deed from one Joseph Marshall, who, through his mother, inherited the land from the infant child of the defendant Dittey. The defendant, by his answer, puts in issue the plaintiff's possession, and sets up ownership in himself as heir of his infant child. Afterwards convinced of his error as to this claim, he amends his answer, and claims as tenant by the curtesy.

As to the possession of the property at the time the suit was instituted, we think the proof is sufficient on plaintiff's behalf to show possession in him, and this, combined with the legal title, authorized him to sue. The real question in the case is whether the appellee, by himself or wife, had such possession of the land during coverture, as entitles him to curtesy.

In August, 1845, one James Dedman conveyed the land in controversey to Elizabeth McCollough for the recited consideration of two hundred dollars. This tract appears to have been bounded on one of its sides by a tract of some ten acres, owned by the grantee's father.

In 1847, Elizabeth, then living in Cincinnati, Ohio, intermarried with Dittey, the appellee, who lived in the same city. To them a child was born in December, 1848. Thereafter, in March, 1849, Elizabeth died, and in about August of the same year the child died.

Just who, if any one, occupied or used this land in 1845-6-7-8 is not clearly shown. There was no house on it, but there was one on the adjoining tract belonging to the father of Mrs. Dittey, and this is shown to have been occupied by him during his life-time, and by his wife afterwards. The latter died some thirty years

ago. The two tracts then appear to have been "all in the same field," though at one time the tract in dispute was under fence, which, however, had rotted away some twenty odd years ago. The appellee never occupied the land or used it in person or by tenants ; but if the wife was the owner and had possession of it during her marriage, it is sufficient to entitle the appellee to curtesy. The statute giving curtesy · reads as follows : "Where there is issue of the marriage born alive, the husband shall have an estate for his own life in all the real estate owned and possessed by the wife at the time of her death, or of which another may be then seized to her use." Sec. 1, art. 4, chap. 52, General Statutes. The proof as to her possession is scant, but the appellee speaks of the land as that of which "his wife was in possession at the time of her death," though at that time, as appears in proof, she was a resident of Cincinnati, and her father was probably using it, or occupying his own land in the same enclosure with the tract in dispute. There is no hint of any adverse holding. She alone had a deed of record for it, or claimed it. We are, therefore, inclined to conclude that it was held for the legal title holder by those by whom it was actually occupied, and whose possession was, therefore, her possession, which satisfies the requirement of the statute. In Carr, &c., v. Givens, &c., 9 Bush, 680, neither the husband Givens, who was claiming curtesy, nor the wife, ever lived upon the land or exercised any acts of ownership over it, but on the death of the wife "her mother · entered on the land, or retained the possession after the death of her husband, recognizing the right of the children as the owners in fee simple. Her pos-

session was not adverse to the children, but only strengthened the common estate, and her possession and seisin were the possession and seisin of all." Possession by some coparceners, amicable to the others, was thus held to be a sufficient seisin in fact to invest and sustain an estate by the curtesy in the husbands of certain others not in the actual possession.

Still later, in the case of Yankey, &c., v. Sweeney, &c., 85 Ky., 64. (1887), it was said that the reason of the rule requiring actual possession on the part of the husband being for the purpose of strengthening the wife's title, whenever its equivalent is complied with, th-n the rule is complied with. "For instance," says the court, "if the guardian of the wife holds possession of her land at the time of her death, then the reason of the rule is complied with and the husband is entitled to curtesy in the land. And if a joint tenant with the wife holds the friendly possession of the land at the time of her death, here his possession is her possession, and the reason of the rule is complied with. So, if a trustee of the wife holds possession," &c. "Indeed," says the court, "if any person at the death of the wife is seized of her land for her use, the reason of the rule is complied with, and the husband is entitled to cur-tesy."

Here the proof is the wife was in possession at the time of her death. The proof that she resided in Cin-cinnati at the time does not disprove the fact of her possession under the deed by her father or other person for her. If she died in possession, it was all the statute requires to entitle the husband to curtesy.

The amended answer asserts that the wife died own-

ing and possessing this land,' and we think this is a sufficient allegation to meet the demands of the statute, and, in fact, is substantially in its language.

Judgment affirmed.