CASE 54—ACTION BY B. F. WILSON V. J. F. TOWNSEND, &C. TO SUBJECT TO CLAIMS OF CREDITORS, PROPERTY CONVEYED BY VOLUNTARY DEED.—JAN. 7.

## Townsend, &c. v. Wilson, &c.

. APPEAL FROM FAYETTE CIRCUIT COURT. .

JUDGMENT FOR PLAINTIFFS AND DEFENDANTS APPEAL. AFFIRMED.

VOLUNTARY CONVEYANCE—CREDITORS—ACTION TO SET ASIDE—DEFENSES—EVIDENCE—TRANSACTION WITH DECEDENT.

Held: 1. Under Kentucky Statutes, section 1907, providing that "every conveyance made by a debtor of any of his estate without valuable consideration therefor shall be void as to all his then existing liabilities" in an action to subject property conveyed by a debtor in consideration of love and affection to the payment

Townsend, &c. v. Wilson, &c.

of a liability existing at the time of the conveyance, the fact that at that time he had other property subject to execution, more than sufficient to pay his debts, constituted no defense.

2. Under Civ. Code, section 606, providing that "no person shall testify for himself concerning any verbal statements of or any transactions with or any act done by one who is dead when the testimony is offered," in an action to subject land to the payment of debts of the grantor, where the conveyance, stating the consideration as love and affection, conveyed the property to two children, and, if they died without issue and before reaching majority, then to the mother, she was incompetent to testify to any transaction with deceased, to show that the conveyance was not voluntary.

BUTLER T. SOUTHGATE, FOR APPELLANTS.

## STATEMENT AND AUTHORITIES.

Isaac Wilson died in 1863, and, under his will, John N. Wilson took a legacy of $1,000 with the condition that if he should die without children, the legacy should then pass to the other heirs of Isaac Wilson.     John N. Wilson died in 1896 without children.     The heirs of Isaac Wilson obtained a judgment against J. N. Wilson's executrix for the amount of the legacy, and upon that judgment an execution was issued, and there was a return of "*nulla bona*."

This action is upon that return, and seeks to subject to the judgment debt certain property conveyed by John N. Wilson to the infant children of his adopted daughter, in February, 1889, for a recited consideration of love and affection, upon the ground that the conveyance was voluntary and therefore void as against that judgment debt.

The guardian *ad litem* answers in three paragraphs; the first alleging a valuable consideration for the conveyance; and the second setting up the fact that at the time of the conveyance Wilson was practically free from debt, except for the plaintiff's claim, and had in money and property besides that conveyed to the Townsends, more than twice the amount of all his debts, including that to the plaintiffs, and that at the time of his death, when his liability to the plaintiff became fixed, his estate was worth an amount largely in excess of all his obligations.     The third paragraph pleads a release and abandonment by R. A. Wilson on his part of the claim upon which the plaintiffs' judgment is founded. The circuit court sustained demurrers to the second and third defenses, and the infant defendants excepted.  Upon the issue made by the first paragraph in which it is alleged that the conveyance was made for valuable considera-

tion, proof was taken, and, upon a final hearing, a judgment was entered in accordance with the prayer of the petition.    From that judgment, the defendants appeal to this court.

We desire to present our argument and authorities upon the points involved in the following order.

1. Even if the conveyance was voluntary, under the allegations of the second paragraph of the answer, it was good as against plaintiff's claim.

2. R. A. Wilson released and abandoned his interest in the plaintiffs' claim.·

3. The conveyance was not voluntary, but was made for a fully adequate valuable consideration.

## AUTHORITIES CITED.

1. Bump on Fraudulent Conveyances, 289, 248; Taylor v. Eubanks, 3 A. K. Marshall, 241; Lyne v. Bank of Ky., 5 J. J. Marshall, 555; Story's Equity Juris., vol 1, sec. 365; Harting v. Jockers, 136 Am. St. Rep., 342-136 Ill.; Tiedman's Real Property, sec. 802; Jones on Real Property, vol 1, secs. 288, 292; Fulp v. Beaver, 36 N. E. Rep., 250.

2. As to competency of witness.    Civil Code, sec. 606, subsec. 2, subdiv. "C;" Perine v. Gr. Lodge, 48 Min., 82, 50 N. W. Rep., 1022; Wormsley v. Hamburg, 40 Iowa, 22; Zeibe v. Reigart, 42 Iowa, 229; Jones on Evidence, vol. 3, sec. 791; Underhill on Evidence, sec. 310; Stowers v. Hollis, 83 Ky., 544; Connolly v. O'Connor, 117 N. Y., 91; Eisenlord v. Clum, 126 N. Y., 552; Cunningham's Admr. v. Speagle, 20 Ky. Law Rep., 1836; Hankey v. Dawney, 38 N. E. Rep., 220 (10 Ind. App., 500); Wooters v. Hale, 83 Texas, 563, 19 S. W. Rep., 134; Brantly v. Mayo, 7 S. E. Rep., 137; Gerz v. Weber, 151 Penn. St., 396; Latourette v. McKean, 62 N. W. Rep., 153; Cooper v. Jackson, 22 Ky. Law Rep., 295; Joss v. Mahone, 55 New Jer. Law, 407, 26 Atl. Rep., 987; Davis v. Davis, 26 Cal., 23, 85 Am. Dec., 157; Kisling v. Shaw, 33 Cal., 425 (91 Am. Dec., 644); Flood v. Pragroff, 79 Ky., 616.

BRECKINRIDGE & SHELBY, FOR APPELLEES.

## POINTS AND AUTHORITIES.

1. A voluntary conveyance is void as to the pre-existing debts of the grantor without reference to his pecuniary condition at the time.    Kentucky Statutes, section 1907; Reade v. Livingston, 3 John. Ch., 492-501; Hanson v. Buckner, 4 Dana, 254; Enders v. Williams, 1 Met., 350; Yankey v. Sweeney, 85 Ky. 62.

2. A person, whether he be a party to an action or not, is incompetent to testify in his own behalf concerning any ver-

bal statement of, or transaction with, or act done or omitted to be done by, one who is dead when the testimony is offered to be given, whether such testimony be either against the estate of the decedent, or against some one else.  Civil Code, sec. 606, sub-sec. 2; Act of 1872 (Gen. Stats., ch. 37, sec. 25); Harpending's Exors. v. Daniel, 80 Ky., 452; Hurry v. Kline, 93 Id., 358; Hagins v. Arnett, 23 Ky. Law Rep., 809; Manhattan Life Insurance Co. v. Beard Id., 1747; Hobbs v. Russell, 79 Ky., 62.

3. Even if it were competent, the testimony of Mrs. Townsend, who is clearly interested for herself and her children, is insufficient, standing alone, to overcome the presumption arising from the recitals of the deed that the conveyance was a purely voluntary one.

JOHN B. JAMES, FOR APPELLEE.

### POINTS AND AUTHORITIES.

1. A conveyance not supported by a full consideration is voluntary as to the excess so far as it affects creditors.  Lillard v. McGee, 4 Bibb, 165; Hord v. Rust, 4 Bibb, 231 446; Ward v. Trotter, 3 Mon., 1; Zoder v. Steindipend, 7 Mon., 478; Black v. Jones, 1 A. K. Mar., 312; Petty v. Petty, 4 B. M., 215; Leach v. Duvall, 8 Bush, 201; Trimble v. Ratcliffe, 9 B. M., 511; Hawkins v. Moffitt, 10 B. M., 81; Smead v. Williamson, 16 B. M., 492; Bibb v. Baker, 17 B. M., 292; Short v. Tinsley, 1 Met., 397; Whittaker v. Garnett, 3 Bush, 402; Wood v. Goff, 7 Bush, 59; Foster v. Grigsby, 1 Bush, 86; Slater v. Sherman, 5 Bush, 206; Todd v. Hartley, 2 Met., 206; Earle v. Couch, 3 Met., 450; Hundt v. Courtenay, 4 Met., 139; Dehoney v. Dehoney, 7 Bush, 217; Hure & Wallace's American Leading Cases, vol 1, p. 63.

2. Parol testimony can not be introduced to contradict a writing unless fraud or mistake be pleaded.  Thompson v. Buchanan, 2 J. J. Mar., 420; Allen v. Luckett, 3 J. J. Mar., 167.

OPINION OF THE COURT BY JUDGE HOBSON—AFFIRMING.

Isaac Wilson died in 1863, and by his will devised to John N. Wilson $1,000, on the conditions that, if he should die without children, the legacy should then pass to the other heirs of Isaac Wilson.  John N. Wilson died without children in 1896.  The residuary legatees of Isaac Wilson obtained a judgment against John N. Wilson's executrix for the amount of the legacy, and upon that judgment an

execution was issued, and returned, "No property found." They then instituted this action to set aside, as fraudulent as against them, a deed made by John N. Wilson in the year 1889 for the property in controversy, upon the recited consideration of love and affection, to appellants, Jennie F. Townsend and her two children, Elizabeth and John W. Townsend, on the ground that the conveyance was voluntary, and therefore void as against their judgment debt. By the terms of the deed the property was conveyed to the two children, and, if either died under 21 years of age without issue, the interest of the one so dying passed to the survivor, and, if both died under 21 and without issue, the property passed to their mother, Jennie F. Townsend.

The defendants pleaded, in substance, that the deed was not fraudulent in fact, and that John N. Wilson, after he made the deed, had other property, subject to execution, more than sufficient to pay his debts. The court sustained a demurrer to this plea. While there is some conflict in the authorities, the rule in this State has been from the beginning that, if a party be indebted at the time of a voluntary conveyance, it is presumed to be fraudulent as to his existing debts, regardless of the amount of the debts, the intentions or circumstances of the party conveying, or the amount of property conveyed. Hanson · v. Buckner's Ex'r, 34 Ky., 251, 29 Am. Dec., 401. This rule has been crystallized in our present statute, which provides: "Every gift, conveyance, assignment, transfer or charge made by a debtor of or upon any of his estate without valuable consideration therefor shall be void as to all his then existing liabilities." Kentucky Statutes, section 1907. As to existing liabilities, by the express terms of the statute, every voluntary conveyance by a debtor of any of his estate is void. The purpose of the statute is to place the

property of the debtor which is thus conveyed away in precisely the same situation as to his existing debts as if the conveyance had not been made. As to these debts, and as against the original grantee, the conveyance is a nullity. Enders v. Williams, 58 Ky., 350; Slater v. Sherman, 68 Ky., 206; Yankey v. Sweeney, 85 Ky., 62, 8 R., 945, 2 S. W., 559. The court therefore properly sustained the demurrer to this part of the answer.

The defendants also pleaded that the deed was not made in consideration of love and affection, but for a valuable consideration, and in support of this plea the mother, Jennie Townsend, was introduced as a witness; but the court sustained exceptions to her testimony in so far as she stated transactions between her and the decedent, J. N. Wilson, on the ground that she was testifying for herself. She was a party defendant to the action, and, in the event that her two children died in infancy and without issue, took the property in fee under the deed in controversy. She had, therefore, a vested interest in the property, although it was defeasible upon the children, or either of them, surviving their majority or leaving issue. But although her interest might thus be defeated, she had a certain interest in the property, and was thus testifying for herself. While there are cases in other States allowing the testimony of a party in interest as to a transaction with a decedent where the controversy is wholly with strangers, little weight can be given to such decisions, for the question must depend upon the language of the statute, and our statute is different from that in many other States. It provides, subject to certain exceptions that need not be noticed, that "no person shall testify for himself concerning any verbal statement of or any transaction with or any act done or omitted to be done by  .  .  .  one

. . . who is dead when the testimony is offered to be given." Civ. Code, section 606. As we have said, Mrs. Townsend was testifying for herself. She testified concerning a transaction with J. N. Wilson, who was dead when the testimony was offered to be given. The original statute allowing parties to testify for themselves read very differently. See original General Statutes. The purpose of the change appears to have been not only to exclude the testimony of a party as to a transaction with a decedent "in actions or special proceedings with the executor, administrator," etc., as provided in the original statute, but in all actions where the person with whom the transaction occurred is dead, and can not be introduced to contradict the testimony of the interested party. Thus, in Harpending's Exr's v. Daniel, 80 Ky., 452, 4 R., 330, where a transaction had taken place with an agent who was dead at the time of the trial, it was held that the defendant could not testify for himself as to the transaction with the agent, although his estate was in no wise concerned. See, also, Maxey v. Bethel, 23 R., 1085, 64 S. W., 746. So, also, in Hurry v. Kline, 93 Ky., 358, 14 R., 330, 20 S. W., 277, the defendant was not allowed to testify as to what took place between him and the obligee in the note where the suit was by the assignee, although the estate of the assignor was not liable upon the assignment. In Turner v. Mitchell (22 R., 1784) 61 S. W., 468, the plaintiff sought to recover upon the ground that one of several sureties in the note had first taken an assignment of the note to himself, and then assigned one-half of it to the plaintiff. The surety was dead at the time of the trial, and it was held that the plaintiff could not testify as against a co-surety to the transaction between him and the dead man. The same rule was recognized in Hagins

v. Arnett (23 R., 809) 64 S. W., 430; Insurance Co. v. Beard (23 R., 1747) 66 S. W., 35. Aside from the statute, the parties in interest can not testify at all. The Legislature, in changing the rule, and allowing them to testify as to their acts and doings, has seen fit to except, among other things, transactions with deceased persons, for the reason that, if such testimony of a party in interest were allowed, it would place his adversary at great disadvantage, because of the difficulty in meeting it after the death of the person with whom the transaction was had; and, besides, the temptation to perjury and undue advantage would be given one of the litigants. The circuit court therefore properly excluded the evidence referred to, and, as without this there was nothing to impeach the recitals of the deed, properly subjected the land to the debt.

Judgment affirmed.

Petition for rehearing by appellant overruled.