Elliott v. Campbell.

---

CASE 84—ACTION BY HENRY ELLIOTT AGAINST LEVI CAMPBELL TO RE-COVER LAND.—FEB. 26.

## Elliott v. Campbell.

APPEAL FROM KNOX CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS.  REVERSED.

WITNESSES—INCOMPETENCY—TRANSACTIONS WITH DECEDENTS—TRIAL —MOTIONS TO EXCLUDE EVIDENCE—EFFECT.

Held:  1. Under Civ. Code Prac. section 606, subsec. 2, relating to testimony as to transactions with a decedent, on the issue of title claimed by plaintiff and defendant through a common

deceased grantor, the respective tracts of the parties being contiguous, and the determination of the issue depending on the ascertainment of the location of the beginning corner of the survey, defendant was incompetent to testify as to a conversation had with his grantor in the absence of plaintiff, in which the grantor designated the beginning point of the survey.

2. A motion to exclude all the testimony of a witness after the taking of objections and exceptions to its admissions does not forfeit the right previously reserved to have the incompetent testimony excluded, although some of the evidence subject to the motion was competent.

J. SMITH HAYS, FOR APPELLANT.

### CLASSIFICATION OF QUESTIONS.

1. The evidence of appellee, Levi Campbell, relative to the location of the beginning corner of his tract of land and to a conversation had with Benjamin Eve and others, who are dead, was incompetent. Cited, subsec. 2, sec. 606, Civil Code; Whalen v. Nesbet, &c., 95 Ky., 464.

2. Campbell's evidence was incompetent, because it contradicted the title bond of Benjamin Eve, the written contract under which appellee claimed. National Mutual Benefit Association v. Heckman, &c., 86 Ky., 258; Magill, &c. v. Cromwell's Guardian, &c., 5 R., 246.

B. B. GOLDEN AND J. D. BLACK, FOR APPELLEE.

### CLASSIFICATION OF SUBJECTS.

Application and construction of subsec. 2, sec. 606, Civ. Code; Cobb's Admr. v. Wolfe, 96 Ky., 418; Williams' Exr. v. Williams, &c., 90 Ky., p. 28; Flood, &c. v. Pragoff, &c., 79 Ky., 607.

Rule as to objection to and motion to exclude, all of evidence, when a part of same, is competent. William's Exr. v. Williams, &c., 90 Ky., 28; Worthley's Admr. v. Hammond, 13 Bush, 510.

Competency of parol and hearsay evidence to identify subject matter of contract. Greenleaf on Ev., vol. —, secs. 281-2, Res Gestae; Greenleaf on Evidence, sec. 108, vol. 1.

OPINION OF THE COURT BY JUDGE PAYNTER—REVERSING.

Both appellant and appellee claim to have derived title to the land in controversy from Benjamin Eve. The right

to the land depends upon the location of the beginning corner of the tract of land sold by Eve to appellee, Campbell, as appellant bought to the latter's line. Campbell claims the beginning corner is located on what is known in this record as the "reverse line," which was a boundary line to a fifty acre tract owned by Sol Campbell, while appellant claims the beginning corner is located at a different place in Sol Campbell's line, to a tract of land known as the Hiram Campbell land, but then owned by Sol Campbell. The title bond from Eve to appellee calls to begin in Sol Campbell's line "at the nearest point to Young's creek." So one of the litigants claims that "the point" is in a line to one tract of land which belonged to Sol Campbell, while the other claims that it is in a line of another tract of land which then belonged to Sol Campbell. This statement is made to show that the solution of the question at issue depends upon the ascertainment of the location of the beginning corner of the appellee's survey, and to show the importance of his testimony touching the issue, as appellant claims that its admission was highly prejudicial to him.

Benjamin Eve, through whom both claim to have derived title to their respective tracts of land, was dead when the case was tried, as was Sol Campbell and John G. Eve. The appellant was not present when the transaction and conversation took place, detailed by the appellee in his evidence. The appellee was introduced as a witness for himself, and, over the objection of appellant, testified that, at the time he "traded for the land, the witness, Benjamin Eve, John G. Eve, and Sol Campbell were on the land, looking at it. They were on the reverse line, near where it crosses the county road, and near this side, at a point defendant claims

his beginning corner. That, in talking about the trade, Ben Eve asked Sol Campbell, who was present, if he did not have a survey on top of that ridge, to which Campbell replied that he did. That he (Ben Eve) then said to the defendant that he would make the beginning of the boundary he was selling him on top of that ridge on Sol Campbell's line at the nearest point to Young's creek, and that they agreed on that point as the beginning, and were in sight of it at the time. The old man Eve pointed to a large tree on top of the ridge at the place defendant claims as his beginning, and said they would begin right there, on Sol's line."

Was it competent for the appellee to testify to the transaction with and statements of Benjamin Eve, detailed by him? Subsection 2, section 606, Civ. Code Prac., reads as follows: ". . . Subject to the provisions of sub-section seven of this section, no person shall testify for himself concerning any verbal statement of, or any transaction with, or any act done, or omitted to be done by, an infant under fourteen years of age, or one who is of unsound mind or dead when the testimony is offered to be given, except for the purpose, and to the extent, of affecting one who is living, and who, when over fourteen years of age and of sound mind, heard such statement, or was present when such transaction took place, or when such act was done or omitted, unless . . . the decedent, or a representative of, or some one interested in, his estate, shall have testified against such person, with reference thereto. . . ." Counsel for appellee is of the opinion that, because Benjamin Eve's estate is not affected by the testimony, it is competent. The appellant, who claims through Eve, is affected by it, and he was not present when the transaction took place and the statements were made. The section of the Code quoted declares

that no person shall testify for himself concerning any verbal statement of, or any transaction with, or any act done by, one who is dead when the testimony is offered to be given, except for the purpose and to the extent of affecting one who is living, and who, when over 14 years of age, and of sound mind, heard such statement, or was present when such transaction took place or when such act was done, unless the decedent, or a representative of, or some one interested in, his estate, shall have testified against such person with reference thereto. No such testimony was offered as contemplated by the proviso in the subsection. If Eve's heirs still owned the land claimed by appellant, and had the same controversy with appellee as exists, appellee would not be competent to give the evidence in question, for, if he was permitted to do so, he might thus induce a verdict for himself, and deprive the heirs of their land. The effect of his evidence is exactly the same as to the rights of the appellant as it would have been on the rights of the heirs of Eve in the supposed case. His evidence would tend to establish the corner claimed by him in the one case, as in the other. The testimony was original in character, to the prejudice of appellant, who was claiming under and through the decedent whose statements and acts are proven. It was incompetent. Whalen v. Nisbet, etc., 95 Ky., 464, 16 R., 52, 26 S. W., 188. This conclusion is supported by the cases of Turner v. Mitchell, et al. (22 R., 1784), 61 S. W., 468; Townsend et al. v. Wilson et al. (114 Ky., 504, 24 R., 1276), 71 S. W., 440.

It is urged that appellant is not entitled to make the question here as to the competency of the evidence, because he moved to exclude all the evidence given by the appellee, some of it being competent. While he made a motion to exclude, he had made his objection to the admission of the

Elliott v. Campbell.

evidence when offered, and excepted to the ruling of the court in admitting it. It is recited in the bill of exceptions that "the plaintiff objected to all this evidence when called for, and the court overruled the objection, and he excepted, and, after it was heard, the plaintiff moved the court to exclude it from the jury." So he had preserved the right to have the action of the court reviewed here before he made the unnecessary motion to exclude the evidence. The language of the motion shows he only moved to exclude the part of the evidence objected to as incompetent. But if he had moved to have excluded all the testimony of appellant after objections and exceptions to its admission, he would not have thereby forfeited the right he had previously reserved. Neither in the case of Worthley's Adm'r., etc. v. Hammond, 76 Ky., 512, nor Williams' Ex'r, etc. v. Williams, etc., 90 Ky., 34, 11 R., 828, 13 S. W., 250, holds to the contrary. In neither of these cases had there been any objections to the admission of the evidence—only to the competency of the witness. The appellant's objection should have been sustained to the evidence of appellee which we have quoted.

The judgment is reversed for proceedings consistent with this opinion.