## Martin v. Commonwealth.

(Decided January 27, 1911.)

### Appeal from Lincoln Circuit Court.

Husband and Wife—Reduction by Husband of Wife's Estate—Prior to Act March 15, 1894—Effect.—Where a husband reduced the general estate of his wife to his possession, prior to the married woman's act of March 15, 1894, he was not under legal obligation to reimburse her for it, and his subsequent promise to do so, was therefore without a valuable consideration and was not enforcible. The fact that he invested the money in certain real estate is immaterial. It was his money under the law, and the land became his. His parol agreement to convey the land to her was void and being voluntary was void as to his creditors.

J. S. OWSLEY, JR., for appellant.

CHAS. H. MORRIS, CHAS. A. HARDIN and JOE ROBINSON, for appellee.

OPINION OF THE COURT BY JUDGE O'REAR—Affirming.

B. P. Martin became bound as surety on a bail bond to the Commonwealth for $200. The bond was forfeited for the non-appearance of the principal, and judgment was rendered against the surety. Execution issued upon the judgment was returned "no property." After the judgment was rendered B. P. Martin executed to his wife, appellant Polly Martin, seven deeds conveying to her seven different lots of land in Lincoln county for the recited consideration of one dollar and love and affection. This suit was brought by the Commonwealth on the return of no property to subject the lots, upon the allegation that the conveyances were made by B. P. Martin to cheat, hinder, and delay his creditors. Appellant answered as follows:

"The defendant Polly Martin states that on the 15th day of March the said B. P. Martin did convey for a valuable consideration all the houses, lots and land described in the petition to this defendant. She says that the defendant by reason of his marriage with her on the 24th day of April, 1883, did receive from her on said date the sum $———, and at different times thereafter did receive from her various other sums of money and that the defendant B. P. Martin did on the ——— day of ———, 18—, agree and promise to convey to her the real estate mentioned in the petition in consideration of the above facts, and the defendant B. P. Martin in pursuance of said agreement did on the 15th day of March, 1910, convey and transfer same to her."

In an amended answer she alleged that the money received from her by her husband was invested in the lots subsequently conveyed to her, and at the time of the investment represented the full value of the lots.

A general demurrer was sustained to the answer as amended, and she being unable to amplify her defense by further amendment, the court rendered judgment subjecting the lots to sale to pay the obligation sued on. She appeals.

Construing her pleadings even most favorably to her, which is more than the rule allows, it is developed that her husband reduced her general estate to his possession prior to the married woman's act of 1894; that he subsequently invested the money in the lots in controversy, and that he thereafter agreed in consideration of the money previously received and reduced, to convey her the lots, but that he did not attempt to comply with the alleged agreement until the sheriff was threatening to

levy an execution for debt upon the property. Under the law, prior to 1894, the wife's general personal estate when reduced to possession by the husband, was his property. He was not under legal obligation to reimburse his wife for it. His subsequent promise to do so was therefore without a valuable consideration, and was not enforcible. The fact that he invested the money in the particular real estate is immaterial. It was his money, and it became his land. His parol agreement to convey the land to his wife was void, and being voluntary, was void as to his creditors, though fully executed. (Sec. 1906 Ky. Stats., Sec. 1907, Ib., Stern v. Sedden, 4 Bibb., 178; Yankey v. Sweeney, 85 Ky., 55; Sparks v. Colson, 109 Ky., 711; 22 Ky. Law Rep., 1369; Lyne v. Bank of Ky., 5 J. J. Mar., 552; Sanders v. Miller, 79 Ky., 519.) Walker v. Walker's Assignee, 19 Ky. Law Rep., 626, and Walker's Assignee v. Walker, et al., 21 Ky. Law Rep., 1521, cited and relied on by appellant, are not in point. Among other features which distinguish those cases from this one, it appeared there that the conveyance was not attacked by creditors as being in fraud of their rights.

Judgment affirmed.