## Baker's Administratrix, et al. v. Combs, et al.

(Decided June 1, 1926.)

Appeal from Perry Circuit Court.

1. Witnesses—In Suit to Determine Rights in Land, Former Owners and Trustee Holding Record Title May Testify on Behalf of the Beneficiaries to Transactions with Persons Deceased (Civil Code of Practice, Section 606, Subd. 2).—In suit to determine rights in

lot of land, former owner and trustee holding record title may testify on behalf of the infant· beneficiaries to transactions with person deceased, not being incompetent under Civil Code of Practice, section 606, .subd. 2.

2. Trusts.—Evidence held to sustain finding that husband and wife conveyed lot to record holder in trust for wife.

3. Curtesy.—Husband on death of wife takes life estate in one-third of residence property held in trust for wife, in view of Ky. Stats., section 2132.

4. Life Estates.—Life tenant is not entitled to lien against remaindermen for enhancement of property by improvement.

5. Life Estates—Where Husband had Life Estate, His Wife is Not Entitled to Lien for Her Improvements as Against Remaindermen. —Where husband had life estate in one-third of land and second wife improved it, after husband's death, widow is not entitled to a lien for the improvements as against remaindermen.

6. Estoppel—Where Husband had Life Estate in One-Third of Land and Husband and Wife Improved it, Acquiescence of Trustee Holding Record Title Does Not Give Wife a Lien by Estoppel as Against Remaindermen.—Where husband had only a life estate in one-third of land and husband and wife improved it, mere acquiescence or failure to object on part of trustee holding record title does not entitle wife to a lien by estoppel as against remaindermen, as husband had right to improve property at own expense.

7. Executors and Administrators—Second Wife, who Occupied Residence in which Deceased had Life Estate with Remainder to His Children by· First Wife, for Some Months After His Decease, but Qualified as Guardian of Children who Occupied Residence with Her and Paid Claim Against Residence, Will Not be Charged with Rent.—Where second wife occupied residence in which deceased husband had only life estate with remainder to his children by his first wife, for some months after husband's decease, but qualified as guardian for the children, who occupied residence with her, and paid a claim against the residence for which a mechanic's lien might have been asserted, she will not be charged with rent.

8. Executors and Administrators—Where Husband had Life Estate in One-Third of Land and His Second Wife Owned Storehouse Thereon, Held, Husband's Estate was Entitled to One-Third of Ground Rent Until His Death and Remaindermen to Balance of Ground Rent, and Surviving Wife to Rent from Storehouse (Ky. Stats., Section 2132).—Where husband had life estate in one-third of land under Ky. Stats., section 2132, and wife built and owned storehouse thereon, held, estate of husband took one-third of ground rent and remaindermen two-thirds, until his death and all ground rent thereafter, and wife took rent from the building.

J. W. CRAFT and FAULKNER, STANFIL & FAULKNER for appellants.

MORGAN, EVERSOLE & BOWLING for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming in part and reversing in part.

James B. Baker's first wife was Laura Combs. They had two children, Maurine Baker and James Baker. On November 16, 1918, Laura Baker and her husband, James B. Baker, conveyed to Lee Combs a lot 89 by 89, located in the town of Hazard. The caption of the deed is as follows: "This deed made and entered into this 16th day of November, 1918, by and between Laura Baker and her husband, James Baker of Hazard, Perry county, parties of the first part, and Lee Combs of Hazard, Perry county, Kentucky, party of the second part." After the description of the lot are these words: "Being the same lot conveyed to Laura Baker by R. C. Baker and others and recorded in deed book 39, page 456." On December 4, 1919, R. C. Baker and wife, Annie Baker, Johnnie M. Combs and wife, Mary Combs, A. B. Combs and his wife, Ollie Combs, and A. B. Combs as ex-sheriff of Perry county, conveyed the same tract of land to Lee Combs for a recited consideration of $965.00. Lee Combs mortgaged the property, and the proceeds were used to erect a residence on the lot. During the erection of the house Laura Baker died, and thereafter James B. Baker married Rachel Tye, by whom he had one child. Rachel Tye Baker organized the Hazard Poultry and Supply Company, and owned all the capital stock with the exception of 12 shares of the par value of $1,200.00, which were issued to Rachel Tye Baker as trustee for James B. Baker, and paid for by her. Thereafter there was erected on the lot a building which was occupied by the Hazard Poultry and Supply Company. In the construction of this building and of retaining walls on the back of the lot Rachel Tye Baker expended about $5,000.00, and there is further evidence that she expended about $325.00 on the erection of the dwelling house. James B. Baker died on March 10, 1922. Rachel Tye Baker continued to occupy the residence, while the storehouse was occupied by the Hazard Poultry and Supply Company. However, she qualified as guardian of Maurine Baker and James Baker, the infant children of James B. Baker by his former marriage, and they continued to occupy the residence with her until October, 1923.

On May 2, 1922, Rachel Tye Baker, as administratrix, and in her own right, brought this suit against Lee

Combs, the infants, Maurine Baker and James Baker, the Hazard Poultry and Supply Company, and certain mortgagees and lien holders for a settlement of the estate of James B. Baker, and an adjustment of the rights of the parties. It was alleged in the petition that Lee Combs had no interest in the property, but that it was conveyed to him in trust for James B. Baker. It was further alleged that Laura Combs, the former wife of James B. Baker, had expended of her own means about $800.00 in the erection of the house and was therefore entitled to an interest in the property to that extent. The mortgagees and other lien holders filed their claims. On final hearing it was adjudged that the property in question was held by Lee Combs in trust for Laura Combs Baker, and, upon her death, for her children, Maurine Baker and James Baker; that for occupying the residence Rachel Tye Baker should pay Lee Combs, trustee of Maurine and James Baker, rent at the rate of $35.00 a month, or the sum of $1,242.00; that for occupying the storehouse the Hazard Poultry and Supply Company should pay rent at the rate of $50.00 a month, or the sum of $1,755.00, to be applied in satisfaction of the debts of James B. Baker. Mrs. Baker was adjudged a lien on the storehouse for the amount she expended in its erection, and the storehouse was ordered sold separately and apart from the lot. She was also adjudged a lien on the 12 shares of stock in the Hazard Poultry and Supply Company, which she paid for and held in trust for her husband, and the stock was ordered to be sold. From that judgment this appeal is prosecuted.

1. We have read and re-read with great care all the evidence bearing on the ownership of the property. Though the former owners and Lee Combs testified to transactions with persons then deceased, they were not incompetent witnesses, for they testified for the infants, Maurine and James Baker, and not for themselves. Section 606, subsection 2, Civil Code. Schonbachler's Administrator v. Mischell, 121 Ky. 498, 89 S. W. 525. According to their evidence the lot was purchased by Laura Combs with the proceeds of the sale of her interest in certain land and with money given to her by her mother. At that time her husband, James B. Baker, was heavily involved and had no means with which to pay his debts. As James B. Baker was without credit, the conveyance by Laura and James to Lee Combs was

made for the purpose of enabling Lee Combs to borrow the money with which to erect a residence on the lot. When the deed was produced both Laura and her husband were present, and Lee Combs was asked to take the property, hold the title for Laura and carry out the arrangement, which he agreed to do. After the conveyance no deed to Laura could be found, and the former owners executed the second deed in order to perfect the title. In addition to this evidence the parties of the first part in the first deed were "Laura Baker and her husband, James Baker," and following the description of the lot are the words, "being the same lot conveyed to Laura Baker by R. C. Baker and others, and recorded in deed book 39, page 456." This confirms the view that the lot had been purchased by Laura and that she and her husband believed that the lot had been conveyed to her. On this showing we see no reason to disturb the finding of the chancellor that the lot was conveyed to Lee Combs in trust for Laura Combs Baker.

2. As the property was held by Lee Combs in trust for Laura, her husband, James B. Baker, was entitled on her death to a life estate in one-third thereof. Section 2132, Kentucky Statutes. Ellis v. Dittey, 94 Ky. 620, 23 S. W. 366. No rule is better settled than that a life tenant is not entitled to a lien as against the remaindermen for enhancement of the property by improvements. Neel's Ex'r v. Noland's Heirs, 166 Ky. 455, 179 S. W. 430; Larmon v. Larmon, 173 Ky. 477, 191 S. W. 110, and manifestly his wife or widow occupies no bettter position. Nor is appellant entitled to a lien on the ground of estoppel. Doubtless she believed that her husband, James B. Baker, was the owner of the property. As a matter of fact, however, the title of record was in Lee Combs when the improvements were made. Doubtless he knew that she and her husband, James B. Baker, were improving the property, but, as James B. Baker was tenant by the curtesy, and had a right to improve the property though not at the expense of the remaindermen, his mere acquiescence or failure to object did not mislead and operate to the prejudice of appellant and her husband in such a way as to put it beyond the power of the infant remaindermen and beneficiaries of the trust to resist the lien for the improvements. Therefore, the case is one where appellant acted at her peril and is not entitled to a lien for the improvements which she made on the lot

either before or after her husband's death. However, the court did give her a lien on the storehouse which she erected and paid for, and, there being no cross-appeal, the propriety of that portion of the judgment is not before us.

3. The judgment charges appellant with rent for the residence from the death of her husband, James B. Baker, on March 10, 1922. It appears, however, that she qualified as guardian of the infants, Maurine Baker and James Baker, and that they occupied the residence with her until October, 1923. There is also evidence tending to show that she paid off a claim against the residence for which a mechanic's lien might have been asserted. As this payment was for the benefit of the infants, and it was necessary for someone to occupy the residence with them and take care of them, we are of the opinion that appellant should not be charged with rent up to October, 1923.

4. Judgment was rendered against the Hazard Poultry and Supply Company for $1,755.00 for rent of the store house building. There being no appeal therefrom, this judgment must stand so far as the Hazard Poultry and Supply Company is concerned. However, the judgment directed that the money be paid to appellant as administratrix to be applied in the satisfaction of the debts of her intestate. As the chancellor held that appellant was the owner of the building, it seems to us that in a balancing of equities appellant, rather than the creditors of James B. Baker, is entitled to the rent of the building exclusive of the ground. On the other hand, the estate of James B. Baker, who was tenant by the curtesy, is entitled to only one-third of the ground rent up to his death, while the infant remaindermen are entitled to two-thirds thereof during that time. After his death the infant remaindermen are entitled to the whole of the ground rent. On the return of the case the chancellor will ascertain the reasonable rental value of the ground occupied by the storehouse, and divide this sum between the estate of James B. Baker and the two infant remaindermen as above indicated. The remainder, or the amount representing only the rent of the storehouse, he will award to appellant in her individual capacity.

Wherefore, so much of the judgment as adjudges the title to the lot in the infants, Maurine Baker and James Baker, and denies Mrs. Tye a lien on the lot for

improvements, is affirmed. In all other respects the judgment is reversed and cause remanded for proceedings not inconsistent with this opinion. The cost will be equally divided between Mrs. Rachel Tye Baker and the infants, Maurine and James Baker.