CASE 12—EQUITY—OCTOBER 23, 1880.

# Hobbs' ex'r v. Russell's ex'r.

### APPEAL FROM NELSON CIRCUIT COURT.

1. An executor, or representative of a testator or intestate, cannot, when sued in his representative capacity, testify in regard to matters occurring between himself and the decedent whose representative is prosecuting the action against him.

2. That the executor was also sued in his individual capacity in the same suit does not affect the question.

MUIR & WICKLIFFE FOR APPELLANT.

1. The court erred in admitting the testimony of Samuel Russell, executor of Henry Russell, as to matters occurring between appellant's testator and himself.

2. The Civil Code, subsec. 2, sec. 606, excludes such evidence.

3. It is upon this testimony alone that the circuit court released appellee's testator from responsibility.

JOHN A. FULTON FOR APPELLEE.

1. The admissibility of the testimony of Samuel Russell, who is executor of his father, Henry Russell, should be governed by the same rules that it would have been in an issue of this kind between all the parties living before the enactment of the "Testimony Bill." Samuel Russell obtained no relief whatever by his deposition. His plea was sustained by others.

2. The contract for indulgence released appellee's testator. (1 B. Mon., 322; 7 Bush, 582; 6 *Ib.*, 20; 4 *Ib.*, 486; 2 Parsons on Contracts, 18; 4 Mon., 491; 7 Mon., 540; 5 *Ib.*, 574; 2 Bush, 181; Civil Code, sec. 606, subsec. 4, subsec. 2; 14 B. Mon., 321; 2 Met., 579; 4 J. J. M., 440; 8 Bush, 161.)

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

If the defense relied on by the heirs and one of the executors of Henry Russell has been sustained by the proof, there can be no reason for disturbing the judgment, unless Samuel Russell, one of the executors, was incompetent as a witness. His testimony defeats the recovery against the heirs and executors, as the contract for indulgence is estab-

lished by him.    This witness is not only the principal
·obligor in the note, but he is one of the executors of the
will, and also a devisee ; and while he admits the execution
·of the note and his individual liability, his testimony pre-
vents any judgment against him as executor, and in this
·view he is testifying for himself.

The question, it seems to us, is: Can one who has no
·other interest than as the executor or representative of a
·testator or intestate testify, when sued in his representative
capacity, as to matters occurring between himself and the
decedent, whose representative is prosecuting the action ?

In this case an executor of one testator is suing an execu-
·tor of another testator, and the executor against whom the
·action is brought is also the principal in the note, and a
·devisee of the testator whom he represents.    He admits his
liability, but having a co-executor, the latter pleads the dis-
·charge of the testator, who was surety only in the note by
reason of a contract for indulgence, and introduces the exec-
·utor who was the principal in the note; and made no defense
·to prove the contract.    Subsection 2, of section 606, Civil
·Code, makes him incompetent.    He is testifying for himself,
·when, as executor, he proposes to establish his defense by
his own testimony ; and the fact that he has not pleaded can
make no difference, as the defense by his co-executor prevents
·any judgment against him in his representative capacity.

The Code makes no exception as to a fiduciary against
·whom a recovery is sought.    This witness is not only a
party to the record, but is seeking to prevent a judgment
·against himself in a representative capacity by establishing
·upon his own statement a contract between himself and the
·decedent that must defeat the recovery.    Prior to the change
·of the rule as to the competency of witnesses, the executor,

when sued as such, would have been incompetent as ·a witness to prove such an agreement, and when offered as a witness in this case should have been rejected.

Judgment reversed, and cause remanded for further proceedings.   (Lampton v. Lampton, 6 Monroe.)