# Alexander's Ex'rs v. Alford, Surviving Partner, &c.

| 89 | 105 |
| 128 | 552 |
| d128 | 598 |

APPEAL FROM WOODFORD COURT OF COMMON PLEAS.

1. EVIDENCE AS TO TRANSACTION WITH DECEDENT.—The mere fact that one has been divested of all interest in a claim against the estate of a decedent does not render him a competent witness against the estate as to the transaction had by him with the decedent, out of which the claim arose. Nor does the fact that the testimony of one who offers to testify against a decedent, as to a transaction with the decedent, would be against his own interest, make the testimony competent.

2. EVIDENCE AS TO TRANSACTION WITH DECEASED PARTNER.—A guardian, who lent his ward's money to a firm and took a note

---

*This case has been pending upon a petition for rehearing; and, for that reason, has not been reported sooner.

to himself individually, is not a competent witness to prove, for the purpose of defeating the firm's right to a set-off, that the partner with whom the transaction was had, he being dead, had notice of the fact that the money belonged to the ward; and the fact that the guardian's sureties, who have answered for his default, are seeking to be substituted to the ward's rights, and that the guardian himself has no interest in the controversy, does not render him a competent witness.

**D. W. LINDSEY FOR APPELLANT.**

Davenport is a competent witness. His interest is in equipoise, and he does not testify "for himself."

The Code was intended to enlarge the scope of evidence, the intention being that every person should be allowed to testify for himself or another, unless brought clearly within the exceptions provided (Civil Code, secs. 605, 606.)

The design of the exceptions to the rule allowing parties in interest to testify, is to place the parties on an equal footing; and when the admission of the testimony does not destroy equality, the exceptions do not apply. (Flood, &c., v. Pragoff, &c., 79 Ky., 607.)

The term "assignment," as used in section 26, chapter 37, General Statutes, and in subsection 9 of section 606 of the Civil Code, does not embrace equitable substitution.

Cases explained: Hobbs' Ex'r v. Russell's Ex'r, 79 Ky., 61; Finnell v. Cox, 3 Met., 246.

Additional authorities cited in petition for rehearing: Bauerman v. Cochran, Ex'r, &c., 4 Ky. Law Rep., 697; McKinney v. Hisles Ex'r, MS. Op., Superior Court, Feb. 7, 1883; Mix. v. Marder's Ex'r, 79 Ky., 132.

**M. C. ALFORD FOR APPELLEES.**

If Davenport had brought suit himself upon the note in controversy, he would not have been a competent witness; and the assignment or transfer of the note does not make him competent. (Civil Code, section 606, subsections 2, 9; General Statutes, chapter 37, section 25, subsection 6.)

The term "assignment," as used in subsection 9 of section 606 of the Civil Code, and in section 26 of chapter 37, General Statutes, means any kind of transfer, whether by legal assignment or by equitable substitution.

Davenport, although not a party to the action, is interested in the issue, and, therefore, not competent to testify against the dead partner as to a transaction had with him in the absence of the surviving partner. (Finnell v. Cox, 3 Met., 246.)

**BUCKNER & ALLEN, PORTER & WALLACE, ALFORD & SMITH, COUNSEL FOR APPELLEES.**

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

Davenport, who was the guardian of young Trout-
man, became insolvent, resigned his trust, and Wither-
spoon having been appointed guardian in his stead,
brought his action against Davenport and his surety
(or the executors of his surety) on the guardian's bond
to recover the amount for which Davenport was liable.
The executors of Alexander (the surety) paid off the
amount due the ward of Davenport, and are now seek-
ing to subject certain moneys owing Davenport by O.
P. Alford & Co. to indemnify them, on the ground that
it is money belonging to the ward, and which was
loaned them as a part of the trust fund. They seek to
be substituted to the rights of the ward, having paid off
the debt. Alford & Co. say they have a claim against
Davenport for a much larger sum than the amount
they are owing him, and have pleaded it as a set-off.
The note executed to Davenport by Alford & Co. was
made payable to him in his own right, and not as
guardian, and the dealings between Alford & Co. and
Davenport conducted as if the money belonged to
Davenport, and not to his ward. The member of the
firm to whom Davenport loaned the money is dead,
and the real party to the transaction, Davenport, to
whom the note is made payable, is introduced as a wit-
ness, to show that the firm, through the deceased mem-
ber borrowing the money, knew that it was the money
of the ward, and borrowed it as such.

Subsection 2 of section 606, Civil Code, contains the
following provision: "No person shall testify for him-
self concerning any verbal statement of, or any trans-

action with, one who is dead when the testimony is given," &c.

Subsection 9 provides: "The assignment of a claim by a person who is incompetent to testify for himself shall not make him competent to testify for another."

The entire transaction was had in this case with the deceased partner, and the testimony of Davenport alone conduces to establish knowledge, on the part of the deceased partner, that the money borrowed belonged to the ward. The subsequent transactions between the firm of Alford & Co. and Davenport show an individual liability on the part of the latter for a much larger sum than the firm is owing him by reason of the note in controversy. The testimony of Davenport defeats the right of the appellee, as surviving partner, to plead the claim as a set-off to the note, and changes the legal effect of the obligation. It is argued, however, that there is no controversy between the surviving partner and Davenport, but an issue as to whether the money due, evidenced by the note, is the money of the ward or that of Davenport, to whom the note was executed. There is more in the issue than the mere question as to whom this money actually belonged at the time it was loaned. The effect of the testimony of Davenport is to show knowledge on the part of the firm, and to change the character of the obligation by making the firm pay to one with whom they never contracted, and at the same time deprive them of the right to set off the amount owing them by Davenport against this note. The interest of the witness may be in equipoise, or he may be testifying against his interest, still his testimony affects the rights of those who are

not present to speak with reference to the transaction; and in rendering all competent to testify, this was made an exception, and for the purpose of denying to one the right to testify for himself, when the person with whom he had the transaction cannot be heard to speak. Interest does not now exclude one from testifying; but when testifying for himself, or when he has assigned the claim, and would have been incompetent if he had not assigned it, he cannot testify, against one who is dead, with reference to the transaction, although he may have divested himself of all interest. It is to protect the estates and interests of those who cannot speak that this exception is made, and the exception cannot be disregarded because the party who made the contract, and had the right to make it, has no longer any interest in the subject-matter * of controversy. Davenport still holds the note of the firm, and his right to maintain an action upon it in his own name is unquestioned. Suppose he had instituted his action against the surviving partner, with the allegation that the note was made payable to him, as an individual, by mistake; that it should have been executed to him as guardian, and the deceased partner was so informed when the money was loaned; the surviving partner denies any such knowledge, and pleads as a set-off his note or account against Davenport; will it be insisted that Davenport would be competent as a witness to defeat the claim to a set-off, and change the character of the paper, when the partner with whom he contracted was dead? The interest of Davenport, in such a case, might be to testify that it was his own money, because then it would go to discharge his indebtedness to the

firm ; but, as before stated, the interest of the witness, in such a case, is not the subject of inquiry ; but the question is, does the statement made affect the rights of the party who is dead ? If so, he is incompetent, the whole object of the statute being to place the dead and the living upon terms of perfect equality in this particular ; the one not being able to testify, the other shall not. An administrator or executor, or the assignor of a note, without recourse, were competent witnesses prior to the testimony act, and they are still competent, but cannot testify as to transactions had, although in a fiducial capacity, with one who is dead, and for no other reason than that the party against whom they are testifying cannot be heard. A party who makes a contract with another, either in his own right or as a fiduciary, will not be allowed to testify against one who is dead in reference to the transaction with him, unless called on by the adverse party, or unless the decedent, or his representative, or some one interested in his estate, shall have testified with reference thereto, or the agent has testified, or is living when such person offers to testify with reference thereto. In each and every such case the party, where none of the exceptions exists, is testifying for himself, and his assignment of his claim or right cannot affect the question of competency. Here the contract was with Davenport. He had the right to make it, either as guardian or in his own right; but he cannot be called on to detail what took place between him and the deceased partner, so as to bring knowledge to the firm of the fact that the money borrowed was a trust fund. The relation of Davenport to his ward being

changed cannot affect the question. When these par-
ties borrowed the money and executed their notes,
they had the right to deal with him upon the faith of
their obligation to him individually; and that when he
contracted the debt to the firm, it would be met and dis-
charged by their indebtedness to him.

In the case of Lawhorn v. Carter, reported in 11
Bush, 7, it was held that an opposing party is not a
competent witness to prove what took place between
himself and a deceased partner in the absence of the
surviving partner. There is no proof that the surviv-
ing partner was present, or knew the nature of the
borrowing, otherwise than as shown by the note; and
as Davenport was not a competent witness if he had
sued in his own name, and could not make himself
competent by assigning it, the chancellor, under no
rule of law or equity, would undertake to substitute
the appellants to his rights, or those of his ward, in
order that he might speak of the transaction between
himself and the dead. Nor will the chancellor take
hold of slight circumstances in this case, evidencing
knowledge on the part of the firm, for the purpose of
making them lose the debt, instead of the sureties in
the guardian's bond. The loss must fall on either the
surety or the appellees, and as the note does not evi-
dence any liability to the ward, and the proof showing
transactions between Davenport and the appellees, by
which a mutual indebtedness exists, there would be no
equity in taking the money from the appellees, under
such circumstances, and applying it to what Davenport
owes the executors, or to substitute them to the rights
of the ward. The money borrowed was without ear-

marks, and nothing enabling the appellees to know it was trust property, or to place them on inquiry ; and the ward, in the absence of stronger proof than appears in this case (excluding the testimony of Davenport), could not have defeated the right of the firm to the set-off pleaded.

The relief sought was properly denied, and the judgment is affirmed. (See Hobbs' Ex'r v. Russell's Ex'r, 79 Ky., 61, deciding the same question.)

\*Case 18—PETITIONS EQUITY—June 12, 1888.