Case 63—PETITION ORDINARY—October 8.

## Hurry v. Kline.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

EVIDENCE AS TO TRANSACTION WITH DECEDENT.—In an action upon a note executed to one who has died since its execution the defendant can not testify to what took place between the payee and himself concerning the execution and consideration of the note, although the payee had assigned the note before his death, and his estate has no interest in the controversy.

JAMES T. A. BAKER, R. C. DAVIS, JOHN R. M. POLK for APPELLANT.

Hurry v. Kline.

Appellee was not competent to testify for himself concerning verbal statements and transactions with James F. Irvin, the payee of the note sued on, who was dead at the time said evidence was given. (Civil Code, sec. 606, subsec., 2; Apperson's Ex'or v. Exchange Bank, 10 Ky. Law Rep., 497; Harpending's Ex'or v. Daniel, 80 Ky.; Alexander's Ex'ors v. Alford, 89 Ky., 105.)

MUIR, HEYMAN & MUIR for appellee.

Section 606 of the Civil Code has no application to a case like this. It is intended to govern in a case where the decedent's estate is a party, or where by the testimony offered it is expected to make the decedent's estate liable to the witness or lessen the liability of the witness to the decedent's estate. (Buckler v. Brewer's Adm'r, 9 Ky. Law Rep., 1013; Mix v. Marder's Ex'or, 79 Ky., 131; Flood, &c., v. Pragoff, &c., 79 Ky., 615.)

JUDGE LEWIS delivered the opinion of the court.

The note sued on in this case was executed by appellee to J. T. Irvin, who assigned to appellant.

In support of his plea of no consideration, appellee was permitted by the lower court to testify as a witness to what took place concerning execution and consideration of the note between himself and Irvin, who had died before the action was commenced. And the decisive question before us is whether that testimony is competent; as without it his only defense must, as the record now appears, fail.

Section 605, Civil Code, provides that, subject to exceptions and modifications contained in section 606, every person is competent to testify for himself or another unless found by the court incapable of understanding the facts concerning which his testimony is offered.

The exceptions to and modifications of that general rule of evidence, which apply to this case, if any do, are in subsection 2, section 606, as follows: "No person shall testify for himself concerning any verbal statement of, or any transaction with, or any act done or omitted to be done

by, an infant under fourteen years of age, or by one who is of unsound mind or *dead* when the testimony is offered to be given, except for the purpose and to the extent of affecting one who is living *and* who, when over fourteen years of age and of sound mind, heard such statement, or was present when such transaction took place and when such act was done or omitted, unless—

"(*a*) The infant or his guardian shall have testified against such person with reference to such statement, transaction or act; or,

"(*b*) The person of unsound mind shall, when of sound mind, have testified against such person with reference thereto; or,

"(*c*) The decedent, or a representative of, or some one interested in, his estate shall have testified against such person with reference thereto; or,

"(*d*) An agent of the decedent or person of unsound mind, with reference to such act or transaction, shall have testified against such person with reference thereto, or be living when such person offers to testify with reference thereto."

If Irvin had died owner of the note and this was an action by his personal representative to recover judgment thereon, or even if appellant had, by reason of the assignment to him, recourse on decedent's estate, the testimony in question would, we think, be certainly incompetent. But it seems to be conceded that if appellant ever had such recourse it has been lost; and so the estate of the deceased assignor will not be affected by determination of this action one way or another. Nevertheless, we think there can be, according to the plain language used, no question of cases like this being comprehended by the

exceptions to and modifications of section 605 that are contained in subsection 2, section 606.  For it is there provided in explicit terms that *no* person shall testify for *himself* concerning *any* verbal statement of, transaction with, or act done or omitted to be done by, one who is *dead* when the testimony is offered to be given, except under circumstances and conditions recited, none of which exists in this case.  Yet that is precisely what appellee did do on trial of this action in the lower court; for the statements of, and transactions with, the deceased, Irvin, concerning which he was permitted to testify, had a direct, and without doubt, decisive bearing in his favor upon the only issue involved.

Before thus disregarding or restricting the natural and obvious meaning of the words of a statute, the court should be convinced an imperative reason for doing so exists.  We do not now perceive any reason for excluding such testimony in an action by the personal representative of one who is dead, that does not exist in full force in a case like this.

The issue here presented is one of fact, involving an inquiry for the simple truth, not at all changed or affected by death, but to be sought for according to rules of evidence intended to operate justly, equally and mutually between the parties, no matter who they may be.  It does not, therefore, make any difference whether the personal representative of a deceased payee or the assignee of a note be party plaintiff in an action to recover on it, to permit the defendant to testify for himself concerning what was said or done by the decedent, thereby affecting the issue involved, without the presence or power of any one to speak for the dead man, would give him an unjust

and unfair advantage in one case just as much as, no more than, the other, which the Legislature did not intend for him to have, but carefully and particularly framed subsection 2, section 606, to prevent.

In Harpending v. Daniel, 80 Ky., 449, the question was whether, in an action against an executor to recover on a protested check given to a firm, a member of the firm, who had assigned his interest to the other member, could, under the Civil Code, testify to what was said and done concerning time for presenting the check for payment, by an agent in reference thereto, who was then dead. And it was there held that as the agent with whom the transaction was had was dead, the opposing party could not testify on the subject even if the principal was alive; because, as said, quoting from Hardin's Administrator v. Taylor, 78 Ky., 593, "the evident design of section 606 was to place parties to an action, or those interested therein, on an equal footing when their rights are being passed on."

There are cases cited by counsel with the purpose of sustaining ruling of the lower court in this case; but without referring to them in detail we are satisfied that no one when properly understood sustains the proposition that one party to an action, whether for or against a personal representative or assignee of one who is dead, can testify for himself concerning what the decedent said or did affecting the issue being tried.

We think the evidence of appellee, to which reference is here made, was clearly incompetent, and as it materially prejudiced the rights of appellant the judgment is reversed and cause remanded for a new trial consistent with this opinion.