CASE 58.—ACTION BY LOU A. RAGLAND'S ADMR. AGAINST
THE LEONORA NATIONAL BANK TO RECOVER
MONEY ALLEGED TO HAVE BEEN DEPOSITED BY
THE INTESTATE.—March 25.

# Leonora Nat. Bank v. Ragland's Admr.

Appeal from Rowan Circuit Court.

A. W. YOUNG, Circuit Judge.

Judgment for plaintiff. Defendant appeals.—Affirmed.

1. Continuance—Grounds—Absence of Witnesses—Admissions to
   Prevent Continuance.—Where the affidavit for a continuance
   for the absence of a witness who made entries in the books
   of the party applying for the continuance stated that if the
   adverse party would consent the entries made by the witness
   should be considered proved as if proved by the witness in
   open court the party was ready to go to trial, and the court
   permitted the entries made to be so proved, the refusal to
   grant a continuance was not erroneous.
2. Witnesses—Competency—Interest — Effect of Transfer.—The
   assignment of a claim by a person incompetent to testify to
   a transaction except for the assignment does not render him
   competent.
3. Same.—The interest stockholders in a corporation have in the
   recovery of debts due from the corporation is a certain definite
   interest, and such as disqualifies them from testifying in behalf
   of the corporation against the estate of a deceased creditor,
   with respect to transactions with the deceased.
4. Same.—Under Civ. Code Prac. section 606, subsecs. 2, 7,
   providing that no person shall testify for himself concerning
   any transaction with a decedent, and "the assignment of a
   claim by a person who is incompetent to testify for himself
   shall not make him competent to testify for another," a stock-
   holder in a bank at the time of a transaction with a person
   since deceased cannot, notwithstanding the subsequent assign-
   ment of his stock, testify concerning the transaction, in an

Leonora Nat. Bank v. Ragland's Admr.

action by the administrator of the deceased against the bank.
5. Banks and Banking—Transactions with Depositors—Evidence.
—A bank may establish the withdrawal of a deposit by the
checks signed by the depositor, which checks the bank may
retain, or by the entries in its books proven, as required by
Civ. Code Prac. section 606, providing that one may testify
for himself as to the correctness of original entries made by
him against persons since deceased, etc.

THEOBALD & THEOBALD for appellant.

AUTHORITIES CITED.

1. Competency of witnesses:    (Civil Code, sec. 606, subsec. 1;
Civil Code, sec. 606, subsec. 6; Apperson's Ex'ors v. Exchange
Bank, 10 Ky. Law Rep., 943; Preston v. Adkins, 106 S. W., 213;
Greenleaf on Evidence, vol. 1, sec. 390; Doty v. Doty, 26 Ky.
Law Rep., 63.)
2. Admission of books:    (Roor v. Robinson, 13 Bush, 290;
Galbraith v. Stark, 117 Ky., 922.)

C. W. GOODPASTER and B. S. WILSON for appellee.

POINTS AND AUTHORITIES.

1. A stockholder in a corporation is not a competent witness
in an action where the corporation is interested as to alleged
transactions with, or alleged verbal statements of, one who is
dead, etc. (Sub-sec. 2, sec. 606, Civil Code; Story v. First National
Bank, &c., 24 Ky. Law Rep., 1800; Kentucky Stove Co., v. Bryan's
Admr., 27 Ky. Law Rep., 137.)
2. Nor can a stockholder by selling or otherwise disposing of
his stock thereby make himself competent.    (Subsec. 7, sec. 606,
Civil Code; Neale's Admr. v. Neale, &c., 18 Ky. Law Rep., 345;
Hardin's Admr. v. Taylor, 78 Ky., 593; Harpending's Ex'r v. Daniel,
80 Ky., 449; Hopkin's Admr. v. Faeber, Trust., 86 Ky., 223; Hurry
v. Kline, 93 Ky., 358; Hubbs Exrs. v. Russell's Ex'r, 79 Ky., 61;
Alexander's Ex'rs v. Alford, &c., 89 Ky., 105.)
3. The person who made the entries in a bank book can alone
prove them if in the jurisdiction of the court.    (Walden v. Citi-
zen's Savings Bank, 19 Ky. Law Rep., 1410; Poor, &c. v. Robinson,
&c., 13 Bush, 294.)

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

On July 1, 1905, Mrs. Ragland deposited in the appellant bank the sum of $2,000. Believing that she had in the bank in February, 1906, a balance of $1,500 due on the deposit, she drew a check on the bank for this sum, which the bank refused to pay. Shortly after this Mrs. Ragland died, and her administrator drew his check on the bank for the same amount, which it also declined to pay. Thereupon the administrator brought this action against the bank to recover from it $1,500. For answer the bank, after admitting that Mrs. Ragland on July 1, 1905, deposited $2,000, averred that she had checked all of it out, and that when the checks were drawn she did not have on deposit any sum whatever. On the trial of the case before a jury the bank attempted to prove that Mrs. Ragland on July 3, 1905, had purchased with the $2,000 deposited by her 20 shares of stock in the bank, of the par value of $100 each. This was denied by her administrator, and the case turns on the proposition whether or not Mrs. Ragland purchased the stock.

One of the grounds urged for reversal is the refusal of the lower court to grant a continuance on account of the absence of Lee Williams, who was a clerk in the bank, and by whom the entries in the account of Mrs. Ragland were made on the books of the bank. In the affidavit for continuance the bank stated that "if the plaintiff would consent that the entries made by Williams in its books should be considered proved to have the same effect as if proved by him in person in open court it was ready to go to trial." As the court permitted the entries made by Williams to be proven the

same as if he had testified to them in person, there was no error in refusing to grant a continuance.

It is further said that the court erred in refusing to permit Dr. L. P. V. Williams and William Moore to testify in behalf of the bank as to conversations and transactions with Mrs. Ragland showing that she had purchased on July 3, 1905, $2,000 worth of stock in the bank with the $2,000 deposited by her on July 1. Both of these witnesses were stockholders in the bank at the time the transactions happened about which they were called upon to testify, but each of them had sold or disposed of his stock before the trial. So that the question is, can a person who has been a stockholder in a corporation qualify himself to testify as to transactions with, or acts done or omitted to be done by, a deceased person, if he has in good faith sold his stock before he is offered as a witness? Section 606, subsection 2, of the Civil Code of Practice, provides in part that "no person shall testify for himself concerning any verbal statement of or any transaction with or any act done or omitted to be done · * * * by one who is dead when the testimony is offered to be given," and subsection 7 of the same section reads: "The assignment of a claim by a person who is incompetent to testify for himself shall not make him competent to testify for another."

This court, in Storey v. First National Bank, 72 S. W. 318, 24 Ky. Law Rep. 1799, and Kentucky Stove Company v. Bryan, 84 S. W. 537, 27 Ky. Law Rep. 136, has held that a stockholder in a corporation can not testify for it as to transactions with, or acts done or omitted to be done by, a deceased person. The reasons for this rule are stated in the opinions, and it is unnecessary to repeat them here. Conceding the soundness of this rule, the question remains, can a

stockholder, by disposing of his stock, qualify himself
as a witness, although he would not be competent if he
retained it? The solution of this question depends
upon whether or not subsection 7 before mentioned
applies to stockholders in corporations. It has been
frequently held that the assignment of a claim by a
person who would be incompetent except for the
assignment will not render him competent. Hagins v.
Arnett, 64 S. W. 430, 23 Ky. Law Rep. 809; Neale's
Admr. v. Neale, 36 S. W. 526, 18 Ky. Law Rep. 343;
Alexander v. Alford, 89 Ky. 105, 4 Ky. Law Rep. 693,
20 S. W. 164; Hurry v. Kline, 93 Ky. 358, 20 S. W.
277, 14 Ky. Law Rep. 330.

But it is argued for appellant that this subsection
of the Code applies only to claims or demands that a
person himself owns, and should not be extended to
embrace stockholders in corporations; that a certifi-
cate of stock is not a chose in action or an evidence
of debt, but merely the evidence of title to a certain
portion of property in the corporation; that it is not
a promise, either express or implied, to pay anything;
and that, when the stockholder in good faith sells his
stock, he has no further interest in it. This argument
is plausible, but not sound. Stockholders in corpora-
tions have an interest in the recovery of debts and
demands due by the corporation. Although the inter-
est is not as direct as it would be in the case of a claim
or a demand owned by the individual, yet nevertheless
it is a certain definite interest—such an interest as
disqualifies the stockholder from testifying in behalf
of the corporation against the estate of a decedent.
The difference between the interest of the individual
owner of a claim and the owner of stock in a corpora-
tion is merely in degree, not principle. As the stock-
holder in a corporation as well as the owner of a claim

or demand is disqualified from testifying, and as the sale or assignment of a claim or demand would not make the owner competent, we are unable to perceive any reason why the same rule should not be applied to a shareholder. If the interest of each while he retains the claim or stock renders him incompetent, then neither can by selling or assigning his interest make himself competent. The owner of a note might assign it without recourse, or take a bond of indemnity to protect him, or in any other way be releived from future liability by reason of the assignment or sale, and yet he would not be competent. The assignor may not incur any liability by reason of the sale or assignment, but the question of his liability upon the assignment does not enter into the matter of his competency. His competency depends entirely upon the question whether or not he would have been competent if he had not made the sale or assignment. If before the sale or assignment he would not be competent, he will not be competent thereafter. Measured by this test, as the shareholder is not competent to testify for the corporation while he continues a shareholder, neither will he be competent after he has disposed of his stock. The Code makes no exception in favor of stockholders. The reasons that exclude the owner of an ordinary claim or demand apply to a stockholder. In each case interest disqualified them as a witness, and this disqualification can not be removed by sale or assignment.

It is further said in argument for appellant that if the officers of a bank are disqualified from testifying against a deceased depositor, the bank, in a controversy with the estate of a decedent as to whether or not the funds deposited have been withdrawn, would be at a great disadvantage; as when the representa-

tive of a deceased depositor has produced a pass book issued by a bank containing entries showing that deposits had been made, the bank might often be unable to prove by any person except its officers and stockholders that the deposit had been withdrawn. This argument ignores or overlooks the fact that in the ordinary and usual method of conducting business a deposit can only be withdrawn upon checks signed by the depositor. These checks the bank has the right, if it chooses, to retain the custody of, because they are the best evidence, and, in fact, may be the only positive evidence it can produce that the deposits have been withdrawn; and with the checks, signed by the depositor, the bank would have no difficulty in establishing the withdrawal of the deposit. The entries in the books of the banks are also competent evidence when proven in the manner required by section 606 of the Civil Code of Practice, although the checks signed by the depositor would be better evidence. In the case before us no offer was made to show that Mrs. Ragland drew any check on the bank for $2,000, or any other amount, for the payment of stock in the bank. It would seem that if she bought stock in the bank it ought to be able to produce a check signed by her, or evidence that she had executed a check; but it has failed to do either. Nor is there any evidence in the record, aside from the incompetent statements that were excluded, that Mrs. Ragland ever directed or requested the bank to apply to the purchase of stock her deposit, or any part of it.

Under the evidence, the appellee was entitled to a peremptory instruction, and this, in substance, the court gave. Wherefore the judgment of the lower court is affirmed.

Petition for rehearing by appellant overruled.