## Bagby's Administrator v. American Surety Company of New York.

(Decided November 17, 1914.)

### Appeal from McCracken Circuit Court.

Witnesses—Competency—Member or Shareholder of Corporation—Transactions With Decedent.—The shareholders of a banking corporation were incompetent to testify concerning the acts, statements of, and transactions had by them with, a deceased assistant cashier of the bank in respect of his relations to the bank, in an action against his estate, brought by the surety on the bond executed by him to the bank for the faithful performance of his duties, to recover the amount of an alleged misappropriation by the deceased, of funds of the bank, the surety having paid to the bank the amount thereof. Such testimony is forbidden by sub-sections 2 and 7 of section 606 of the Civil Code of Practice.

C. C. GRASSHAM, BERRY & GRASSHAM and BAGBY & MARTIN for appellant.

J. D. MOCQUOT for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Reversing.

Emmett S. Bagby was assistant cashier of the City National Bank of Paducah. As such he executed a bond to the bank for the faithful performance of his duties. The American Surety Company of New York was his surety upon the bond.

During the life of the bond, it was charged that Bagby had embezzled the sum of $2,020 from the bank. Upon being confronted with this accusation he took his own life. The bank thereupon presented a demand upon the Surety Company for reimbursement of the amount so alleged to have been embezzled; and the surety company, without suit, paid to the bank the amount of the defalcation claimed.

The surety company then brought this suit in the McCracken Circuit Court against Bagby's Administrator, seeking a recovery of the $2,020 paid by it to the bank, of $25 expended by it in verifying the bank's claim, and of $250 counsel fees in connection therewith, alleging that when it became surety upon his bond, Bagby agreed by a stipulation contained in his application for the bond, to indemnify the surety company against all loss, counsel fees and expenses incurred by it by reason of its executing the bond so applied for.

The answer was a denial of the alleged misappropriation of the funds of the bank. Upon a trial, a jury returned a verdict in favor of plaintiff surety company in the sum of $2,020, and defendant administrator appeals.

1. The only question presented upon the appeal is whether shareholders of the City National Bank were competent witnesses for the plaintiff, American Surety Company.

Over the objection of defendant, the alleged misappropriation of the bank's funds was proven by the testimony of James Utterback, cashier of the bank, and by George Hughes, Jr., an employe of the bank, both of whom were shareholders therein.

The recovery, or at least most of it, was obtained upon the evidence of these two witnesses; and appellant contends that they were not competent to testify in behalf of plaintiff, in regard to the transactions had by them with Bagby in connection with the affairs of the bank, such transactions being the subject of the testimony given by them.

1. It is well settled that if this were an action brought by the bank itself against Bagby's Administrator, the shareholders of the bank would not be permitted to testify concerning transactions had with Bagby by them in connection with the affairs of the bank. Such testimony is within the prohibition of Section 606, subsection 2 of the Civil Code, as construed in Storey v. First National Bank, 72 S. W., 318, 24 R., 1799; Kentucky Stove Company v. Bryan's Admr., 84 S. W., 537, 27 R., 136.

2. And this rule obtains even though after the transactions with the decedent were had, and before the time when the testimony is offered to be given, the shareholder has disposed of his shares and is no longer interested in the corporation. Leonora National Bank v. Ragland's Admr., 128 Ky., 548, 108 S. W., 854, 32 R., 1403, construing sub-section 7 of Section 606 of the Civil Code, which provides that the "assignment of a claim by a person who is incompetent to testify for himself, shall not make him competent to testify for another."

3. It is earnestly contended in this case that the City National Bank is itself no longer interested in the claim against Bagby's estate, and that therefore its shareholders should be permitted to testify concerning transactions had by them with Bagby in connection with the bank's affairs and his duties and acts as assistant cashier thereof.

As was said in the Leonora National Bank case, *supra,* the competency of the witness depends entirely upon whether or not he would have been competent had he not made the sale or assignment of the shares which rendered him incompetent. If before the sale or assignment of the shares he was not competent, then he will not be competent thereafter.

4. Primarily, this is a claim of the bank against Bagby's estate, for no liability could have been fastened upon the surety without liability upon the part of Bagby's estate. And as the shareholders of the bank, in an action brought by the bank against Bagby's estate, would not have been competent witnesses to prove the acts and statements of, and transactions had by them with Bagby in respect of his relations to the bank, and as they could not have rendered themselves competent in such an action to testify concerning those matters, even after a bona fide sale of their shares, it necessarily

follows that they cannot be rendered competent so to testify by the bank's ceasing to be a party in interest in the claim against Bagby's estate.

The term "assignment of a claim" as used in subsection 7 of Section 606 of the Civil Code is broad enough to cover the change of ownership of the claim against Bagby's estate, from the City National Bank to the Surety Company, which took place when the surety company paid its principal's alleged obligation to the bank. When the surety paid the alleged debt of its principal, there resulted by operation of law a transfer and assignment to the surety of the bank's claim against Bagby's estate.

Before that payment by the surety and consequent transfer and assignment to the surety of the bank's claim against Bagby's estate, the shareholders of the bank were not competent witnesses to prove the acts and statements of Bagby and their transactions with him in connection with the affairs of the bank and in respect of his relations to it; and their incompetency could not be converted into competency by the extinguishment of the bank's interest in the claim against Bagby's estate. That incompetency once attached could not be extinguished.

The whole object of the Code provision is to place the living and the dead upon terms of perfect equality; and the dead not being able to testify, the living shall not. Hagins v. Arnett, 64 S. W., 430, 23 R., 809; Neale's Admr. v. Neale, 36 S. W., 526, 18 R., 343; Alexander v. Alford, 89 Ky., 105, 4 R., 693, 20 S. W., 164; Hurry v. Kline, 93 Ky., 358, 20 S. W., 277, 14 R., 330.

The trial court erred in permitting the shareholders of the City National Bank to testify concerning the acts and statements of Bagby and their transactions with him in connection with the affairs of the bank and the alleged misappropriation by him of its funds.

For this reason, the judgment is reversed.