HINDS v. DANDEE MFG. CO.

No. 34892.   April 29, 1952.

*243 P. 2d 992.*

Hughes, Ogden & Ogden, Guymon, for plaintiff in error.

Rizley, Tryon & Sweet, Guymon, for defendant in error.

BINGAMAN, J. The sole question presented on this appeal is whether the witness, Eve Birt, wife of the president of the Dandee Manufacturing Company, was a competent witness for the company to corroborate the testimony of her husband. The trial court overruled the defendant's objection to her competency and submitted the cause to a jury which returned a verdict for the plaintiff. From this verdict and the judgment rendered thereon by the trial court, defendant appeals.

The action was brought by Dandee Manufacturing Company, a corporation, to recover from defendant, Hinds, the purchase price of certain houses sold by plaintiff to defendant. In his answer defendant cross-petitioned for a credit of $1,100 on the purchase price of the houses, and admitted an indebtedness of $900, which he offered to pay. The credit to which he claimed he was entitled was for work done by him in preparing the houses for sale.

At the trial of the case Birt, the president of the plaintiff company, testified that defendant came to see him at his residence on Sunday, August 29, 1948, at which time the witness told him that the balance of the purchase price, defendant having paid a portion thereof, would be $2,000, and that the purchaser would have to assume the bill for the work already done. He testified that the defendant accepted the offer so made at that time. The defendant denied any such conversation, and in rebuttal the plaintiff called Eve Birt, the wife of the witness Birt, who corroborated his statement that Hinds came to the house at the time testified to by her husband, and testified that she heard the conversation in which it was agreed that the purchaser should assume the cost of the labor. Defendant objected that her testimony was incompetent for the reason that her hus-

band was an interested party in the action, and on appeal presents for determination that question alone.

In support of his contention defendant calls attention to the fact that under the then law the president of a corporation must be a director thereof, and that directors must be the owners of stock. He says that under the rule announced in 163 A. L. R., p. 1220, Note 3, a stockholder is an interested party and may not testify for the corporation as to matters or transactions with a deceased person in any suit or action by or against the personal representative of such person, where the exclusion clause extends to persons interested in the event. As supporting this proposition he also cites Leonora National Bank v. Ragland, 128 Ky. 548, 108 S. W. 854; Brown v. First National Bank of Douglas County, 49 Colo. 393, 113 P. 483, and other cases from other jurisdictions. He also calls attention to Western National Life Ins. Co. v. Williamson-Halsell-Frazier Co., 37 Okla. 213, 131 P. 691.

We do not consider the statement in the A. L. R. note, or the cases from foreign jurisdictions, applicable to the instant case. Our statute, 12 O. S. 1951 §385, provides:

"The following persons shall be incompetent to testify:

" . . .

"3. Husband and wife, for or against each other, except concerning transactions in which one acted as the agent of the other, or in an action growing out of personal injuries to a wife, or when they are joint parties and have a joint interest in the action; but in no case shall either be permitted to testify concerning any communication made by one to the other during the marriage, whether called while that relation subsisted, or afterwards."

It is to be noted that this quoted provision nowhere expressly forbids the wife from testifying in any case in which the husband might be interested, although not a party. In Western Na-

tional Life Insurance Co. v. Williamson-Halsell-Frazier Co., supra, we held the wife incompetent for the reason that the claim on which the suit was brought inured to the benefit of the husband, and had been assigned by the husband to the grocery company as collateral security, the husband being directly entitled to any surplus of the sum sued for, after his debt to the grocery company had been paid from the recovery. The statute should not be further extended by holding that the wife may not testify in an action brought by a corporation in which her husband happens to be a stockholder.. We have repeatedly held the statutes which excludes persons from testifying will be strictly construed in favor of the witness. Gaines Bros. v. Gaines, 176 Okla. 576, 56 P. 2d 869; Wright v. Quinn, 201 Okla. 565, 207 P. 2d 912.

Our statute was adopted from Kansas. The Supreme Court of that state, in the early case of Highbee v. McMillan, 18 Kan. 133, applied the above-quoted provision to a fact situation quite similar to that in the instant case, in that the husband, though not a party to the action, was to some extent interested in the outcome thereof. In that case the Kansas court called attention to sec. 319 of the Civil Code, which corresponds to and is identical with 12 O. S. 1951 §381, which provides that no person shall be disqualified as a witness in any civil action by reason of his interest in the event of the same, and held that when the provision above quoted, making the wife incompetent to testify for the husband, was construed with sec. 319, it only applied when the husband or wife was a party to the action, or where the rights of one, though not a party of record, would be concluded by any verdict rendered. It further holds that the statute should not be extended by construction. In holding the wife competent to testify, the court said:

"Again, if a contrary conclusion is reached, than here stated, every time a husband or wife is a witness in a case, in which the other is indirectly,

incidentally, or remotely interested, all the old questions of evidence in relation to the competency of the witness on account of the interest of his or· her spouse, would be involved, and thus rules of evidence, now becoming obsolete everywhere, would be still kept alive in this state. The law has abolished interest as a bar to competency of the witness; and considering the other liberal legislative provision regarding the testimony of married parties, for and against each other, the prohibition contained in said subdivision third of section 323 should only apply where the letter of the law makes the same indispensable."

In Potter v. Womach, 63 Okla. 107, 162 P. 801, we held that the husband was a competent witness in a damage suit for the alienation of the affections of his wife, concerning transactions and communications had by him with his wife. In the opinion we quoted from Roessner v. Darrah, 70 P. 597, in which Highbee v. McMillan, supra, is cited with approval, and held that the construction of the statutory provision in those cases was logically correct. And we have repeatedly held that where a statute was adopted from another state, the decisions of that state, although not binding upon us, were very persuasive. Vanderslice v. Vanderslice, 195 Okla. 496, 159 P. 2d 560; Woodroff v. Barrington, 199 Okla. 125, 184 P. 2d 771.

In the instant case the husband of the witness was not a party to the action, and had no direct financial interest in the recovery, his only interest in the recovery being that of a stockholder in the corporation. This interest was so indirect, incidental and remote that it can in no sense be said that the wife, when testifying, was testifying for her husband. We decline to further extend, by construction, the prohibition of the statute, and hold that the trial court did not err in permitting the witness to testify.

Affirmed.

HALLEY, V.C.J., and CORN, GIBSON, DAVISON, JOHNSON, and O'NEAL, JJ., concur.