**GRIFFIN GROCERY CO.**

v.

**STATE INDUSTRIAL COMMISSION et al.**

No. 36130.

Supreme Court of Oklahoma.

July 7, 1954.

Layden, Layden & Layden, McAlester, for plaintiff in error.

Guy L. Andrews, W. S. Horton, McAlester, for defendants in error.

Banker, Bonds & Wilcoxin, Muskogee, for petitioner.

Earl Boyd Pierce, Muskogee, B. H. Carey, Oklahoma City, Mac Q. Williamson, Atty. Gen., Richard M. Huff, Asst. Atty. Gen., for respondents.

O'NEAL, Justice.

On November 18, 1952, Lenard D. Neel, hereinafter called claimant, filed his first notice of injury and claim for compensation against the Griffin Grocery Company, a corporation, hereinafter referred to as petitioner, stating that while in its employ he sustained an accidental injury when he injured his back. Following hearings the State Industrial Commission entered an award which in part is as follows:

"That on or about the 31st day of October, 1952, the claimant herein was in the employ of the respondent and engaged in a hazardous employment, subject to and covered by the provisions of the Workmen's Compensation Law, and on said date the claimant sustained an accidental personal injury arising out of and in the course of his employment, consisting of an injury to his back.

"That at the time of said injury the claimant's wages were sufficient to fix his rate of compensation at $25.00 per week.

"That respondent had actual notice of said injury.

"That as a result of said injury claimant was temporarily totally disabled from November 5th, 1952, less the five day waiting period, to December 15th, 1952, a period of five weeks, for which he is entitled to compensation in the total sum of $125.00."

This proceeding is brought to review the award.

The evidence discloses that on October 31, 1952, claimant was lifting a sack of sugar weighing approximately 100 pounds to place the sugar in a candy mixing machine when he sustained an accidental injury to his back. The cause and extent of the disability is not presented in the brief or argued and is therefore not an issue in this proceeding.

The petitioner raises the single issue that it was prevented from questioning a physician who had formerly examined claimant as to a prior blood test.

Petitioner called Dr. O. who testified in chief that claimant had sustained no disability as the result of the accidental injury. He was then cross-examined by the claimant. On re-direct examination he was asked if he had made a blood test of claimant in November, 1950. The physician replied that he had made such a blood test of claimant as a private patient. When petitioner attempted to obtain the result of that blood test an objection was sustained on the ground of privileged communication.

Petitioner now asserts that if the doctor had been permitted to answer his answer would have disclosed that a positive Wasserman test indicated syphilis and therefore petitioner was denied a full and fair hearing to determine the cause and extent of claimant's disability. Petitioner cites Hinds v. Dandee Mfg. Co., 206 Okl. 392, 243 P.2d 992; Strebeck v. Eagle-Picher Mining & Smelting Co., Okl., 259 P.2d 536; Roeser v. Pease, 37 Okl. 222, 131 P. 534; St.

408

Louis & S. F. R. Co. v. Hurley, 30 Okl. 333, 120 P. 568.

■ We see no need to encumber the opinion with an analysis of these cases. Insofar as any of them announce the rule or indicate that petitioner·had a right to a full, complete and fair determination, from any medical witness; whether that witness be for the petitioner or·claimant, of the cause and extent of the disability of claimant they are in point, otherwise they are not in point. Only one of these cases, Strebeck v. Eagle-Picher Mining & Smelting Co., supra, is a compensation case. In Workmen's Compensation cases it is the.duty of the State Industrial Commission to hear such evidence as is necessary to determine the issue presented.

■ Dr. ¡O. was referred to as the company doctor and had examined claimant on November 25, 1952, at the request of petitioner for the purpose of determining the cause and extent of the disability. The blood test was made by the doctor approximately twenty-two months before claimant began work for petitioner and was made for claimant as a private patient. Petitioner fully developed by this medical witness and other medical evidence without interference or objection the theory of the cause and extent of the disability of claimant. There is nothing in the record that indicates that petitioner offered any evidence of any medical witness that was improperly rejected which tended to establish that the disability of claimant was due to disease and not to an accident. In fact we find no evidence offered by petitioner which tended in the least to establish that the disability of claimant was caused by syphilis. The refusal of the answer to the question addressed to Dr. O. did not deprive petitioner of a full, complete and fair hearing on the issue presented. There was no error in excluding this testimony.

This is the single issue presented in the proceeding to review the award.

Award sustained.

CORN, ARNOLD, WILLIAMS and BLACKBIRD, JJ., concur.

HALLEY, C. J., concurs in result.