**Roy CROSSETT, Plaintiff in Error,**

v.

**W. L. ANDREWS, Defendant in Error.**

**No. 35775.**

Supreme Court of Oklahoma.

July 13, 1954.

As Amended on Denial of Rehearing
Nov. 29, 1954.

Application for Leave to File Second Petition for Rehearing Denied Dec. 14, 1954.

John A. Cochran, Tulsa, for plaintiff in error.

Joe Stamper, Dudley, Stamper & Dudley, Antlers, for defendant in error.

DAVISON, Justice.

This is an action for damages for wrongful death, brought by W. L. Andrews, the father, sole next of kin, and administrator of the estate, of Robert Gordon Andrews, deceased, as plaintiff, against Roy Crossett, as defendant. The parties will be referred to as they appeared in the trial court.

On December 13, 1950, Robert Gordon Andrews, a sixteen year old boy, died as a result of an automobile collision, near Hugo, Oklahoma, the evening before. His car had been struck head-on by an automobile driven by Roy Crossett. Subsequently, the father of the deceased, who also was the administrator of the estate of said decedent, filed this action against said Crossett seeking the recovery of $5,060 for loss of decedent's earnings which would have been

contributed to him, $939 medical and funeral expense which he had become obligated to pay and $50,000 exemplary or punitive damages.

At the outset of the trial, the defendant confessed judgment for $939, the amount of medical and funeral expense, and tendered said sum by deposit with the clerk of the court. A trial was had to a jury who returned a verdict for $17,500 punitive damages. Judgment was entered for plaintiff for the total of the two amounts and defendant has perfected this appeal therefrom. Only one question requires determination here; namely, are punitive or exemplary damages recoverable in an action for wrongful death?

■ The briefs contain argument based upon the premise that this action is a combination of one for wrongful death under the provisions of 12 O.S.1951 §§ 1053 and 1054, and one for injury to the person and estate of the decedent which survived under the provisions of 12 O.S. 1951 § 1051. This premise, however, is not tenable. The petition plainly states only a cause of action for wrongful death although there are several items of damage sought to be recovered. Other than exemplary damages, the plaintiff seeks recovery for loss of anticipated contributions and medical and burial expense. Under the provisions of said section 1053, the damages inured to the father of decedent as his sole next of kin. In an action for the death of a minor, the damages recoverable for the benefit of the parent or parents properly include medical and funeral expense. Stanolind Oil & Gas Co. v. Jamison, 204 Okl. 93, 227 P.2d 404, 23 A.L.R.2d 1141.

If it be assumed that the wording of the petition is sufficiently broad to state the two causes of action, then there would be a joinder of one cause of action for damages beginning with the injury and ending with the death (common law action for personal injury) and another for damages beginning with the death (statutory action for wrongful death). In the former, the estate is the beneficiary. In the latter, the persons named in the statute are the beneficiaries and the estate has no interest therein. This was pointed out in the early case of St. Louis & S. F. R. Co. v. Goode, 42 Okl. 784, 142 P. 1185, 1187 L.R.A.1915 E, 1141, the following words being used:

"* * * Under Lord Campbell's Act, and the state statutes modeled on it, * * * the damages are confined and limited to compensation for the pecuniary loss sustained by the beneficiaries, because of the death of the one from whom they confidently expect financial assistance had he lived. Besides, in such cases no part of the recovery becomes assets of the dead man's estate; it all goes to those named in the statute. But under the injured man's own cause of action all the recovery would be assets of his estate and subject to the demands of creditors, if any. * * *"

■ The joining of the two distinct and separate causes of action would have resulted in a misjoinder of the same, not permissible under the provisions of 12 O.S. 1951 § 265, but subject to special demurrer under the provisions of 12 O.S.1951 § 267. In this jurisdiction, however, such a conclusion is prevented by the establishment of the rule, in the case of Meshek v. Cordes, 164 Okl. 40, 22 P.2d 921, 922, that:

"'If it is doubtful whether or not allegations are such as to make a pleading demurrable for misjoinder that construction should be adopted which will sustain the pleading.'"

■ Therefore, the instant one is solely an action for wrongful death. Whether or not exemplary damages can be recovered, in an action for personal injuries, after the death of the injured person is not here presented nor do we express an opinion on the matter.

Punitive or exemplary damages may be recovered in this state because of, and in the particular instances specified in 23 O. S.1951 § 9, which is as follows:

"In any action for the breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud or malice, actual or presumed, the jury, in addition to

the actual damages, may give damages for the sake of example, and by way of punishing the defendant."

The application of the quoted statute to the situation now before us is dependent upon the construction of the wrongful death statute, 12 O.S.1951 § 1053, which is as follows:

"When the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter, or his personal representative if he is also deceased, if the former might have maintained an action had he lived, against the latter, or his representative, for an injury for the same act or omission. The action must be commenced within two years. The damages must inure to the exclusive benefit of the surviving spouse and children, if any, or next of kin; to be distributed in the same manner as personal property of the deceased."

The latter statute was adopted in its original form (prior to 1910 revision, not here important), from Kansas, being Gen. St. of Kan.1889, par. 4518. Prior to its adoption, it had been construed by the Kansas Supreme Court in 1905 in the case of Atchison, Topeka & Santa Fe Ry. Co. v. Townsend, 71 Kan. 524, 81 P. 205, 208, as to the proposition in the case at bar. In the cited case, the question was discussed at length in the light of the various opinions of courts of other states. The discussion was summarized in the following statement:

"* * * The first statute, known as 'Lord Campbell's Act,' was the pattern upon which the American statutes were framed. It was early decided in England that the relatives of the deceased could not claim any damages which might have been claimed by the person injured if death had not resulted, but could only obtain compensation for the pecuniary loss which they sustained in his death. This theory, it was held, excluded damages for the pain and suffering of the deceased, or for the mental anguish or distress of his relatives, or for the loss to them of the society of the deceased, and, the damages being simply compensatory, that they necessarily excluded punitive damages. In adopting the statute, most of the jurisdictions have adopted the interpretation which the courts had given to it, and from the earliest cases this court has held that the damages recoverable were for the pecuniary loss sustained by the next of kin of the deceased. This theory necessarily excludes any award as solatium for the next of kin, or as punishment for the defendant."

Therefore, at the time of adoption by this State of the wrongful death statute, it had been interpreted as not authorizing the recovery of punitive damages. It is thus presumed that the Oklahoma Legislature, in adopting the section as a part of the laws of the State, adopted the construction which had been placed upon it by the highest court of the State of Kansas. Such rule of statutory construction has been unerringly followed by this court. Conwill v. Eldridge, 71 Okl. 223, 177 P. 79; Byrd v. State ex rel. Roff, 99 Okl. 165, 226 P. 362; Ciesler v. Simpson, 187 Okl. 641, 105 P.2d 227; Ciesler v. Sykes, 187 Okl. 643, 105 P.2d 229; Hinds v. Dandee Mfg. Co., 206 Okl. 392, 243 P.2d 992. As was pointed out in the last cited case, such rule is not absolutely binding on this court but is highly persuasive.

We see no sound reason for not concurring in the statute's interpretation by the Kansas Court.

The judgment is reversed as to exemplary damages.

HALLEY, C. J., JOHNSON, V. C. J., and CORN, ARNOLD and WILLIAMS, JJ., concur.

O'NEAL and BLACKBIRD, JJ., dissent.